BERGER & YEISER v. ARMSTRONG.

1. **Practice:** INJUNCTION. In an action for damages for a breach of contract, the party injured may also pray for an injunction restraining a repetition or continuance of the breach.

2. ———: ———: PLEADING. Where the breach alleged was the violation of a contract that defendant would not engage, in the same town, in a similar business to the one sold to plaintiff, it was *held* that the petition should aver a continuing and present engagement in the business, to entitle him to an injunction.

*Appeal from Tama District Court.*

MONDAY, OCTOBER 25.

THE plaintiffs state in their petition:

1st. That on or about December 27th, 1871, defendant sold

to plaintiffs his drug store in Toledo, Iowa, upon a written contract of sale, in which, among the other things, the defendant agreed, as a part of the consideration of said sale, that he would not again enter or go into the same branch of business for himself or others, in the said town of Toledo, without the consent of plaintiffs, and that he would give his influence and recommend all his old customers to trade with plaintiffs, so far as it might be convenient for him to do so.

2nd. That plaintiffs had fully complied with the terms of said contract on their part.

3d. That defendant had violated said contract on his part in this: that on or about the—day of——1874, he had gone into the drug business again, in the town of Toledo, without the consent of plaintiffs, and had ever since continued in said business, whereby plaintiffs had been damaged in the sum of two thousand dollars.

4th. That unless restrained by the court, the defendant would continue to violate his said contract to the continuing damage and injury of plaintiffs.

Wherefore plaintiffs prayed for judgment in the sum of two thousand dollars and costs, also for a writ of injunction perpetually restraining defendant from entering into, continuing in, or in any way whatever being interested in the drug business, or any branch thereof, for himself or others, directly or indirectly, openly or secretly, in the town of Toledo, Tama county, Iowa.

September 24th, 1874, defendant filed answer duly verified, denying each allegation of the petition which charged any breach of said contract; denying that plaintiffs have been in any manner damaged by any breach of the contract and alleging as follows: "That defendant about the 9th day of April, 1874, hired out as a hired hand only to one Stephen Stiger to clerk in a drug and grocery store in Toledo, Iowa, and that he is still in his employ as a clerk, and in no other capacity whatever has this defendant acted, since the making of said contract, in any drug store of any kind, whatever."

On the 26th day of September, 1874, the plaintiffs filed a motion, asking the court, upon the petition and answer, to

grant them a perpetual injunction, which motion the court overruled, and plaintiffs appeal.

*Ebersole & Willett*, for appellant.

A contract that one, upon the sale of his business, will not engage in a similar business at the same place, is not void as against public policy. (High. on Inj., § 736; Chitty on Con., 576; 2 Pars. on Con., 747; *Heichew v. Hamilton*, 3 G. Greene, 596; *Moorehead v. Hyde & Braden*, 38 Iowa, 382.) The purchase of a stock in trade is a sufficient consideration for such a contract. (*Pierce v. Woodward*, 6 Pick., 206.) The obligor is prohibited from acting as salesman in a store engaged in the same business. (*Ward v. Byrne*, 5 M. & W., 548; *Ewing v. Johnson*, 34 How., 202.) Under Code, § 3386, the party injured need not allege an irreparable injury, or the insolvency of defendant, to bring himself within the rules of chancery. (*Hall v. Crouse*, 14 Iowa, 487.) The violation of the contract being established, the court will grant relief without requiring proof of actual damage. (High on Inj., § 717.) That only nominal damage is shown will not deprive the plaintiff of the right of an injunction. (Storey's Eq. Jur., § 33.; *Manhattan M'f'g Co. v. N. J. Stockyard Co.*, 23 N. J., Eq., 161.)

*Stivers & Safley* and *D. D. Appelgate*, for appellee.

To authorize an injunction, the pleadings and affidavits should show that plaintiffs are injured, and that they have brought suit for damages. (Code, § 3386.) They are not entitled to a perpetual injunction until final judgment is rendered in their favor. (Daniell's Ch. Pro., p. 1705; Hill on Inj., § 8; High. on Inj., § 3.) The law presumes that contracts in restraint of trade are illegal and void. (*Ross v. Sadgbeer*, 21 Wend., 167.)

MILLER, CH. J.—The only question for our determination is whether the District Court erred in refusing to allow to plaintiff an injunction as prayed in their motion.

The Code (section 3386) provides that in cases of "breach

of contract, or other injury, where the party injured is enti-
tled to maintain, and has brought, an action by
ordinary proceedings, he may, in the same cause,
pray, and have a writ of injunction against the *repetition*, or
*continuance of such breach of contract*, or other injury, or the
committal of any breach of contract or injury of a like kind,
arising out of the same contract, or relating to the same prop-
erty or right."     *     *     *

1. PRACTICE: injunction.

Appellants insist that under this provision of the statute,
and upon the facts shown in the petition and answer, they were
entitled, as a matter of right, to an injunction.     In this we
think they are mistaken.     Aside from the question whether
the employment of defendant as a clerk in a drug and grocery
store  constitutes a breach of the contract alleged in the peti-
tion, the court below was warranted in refusing
the writ of injunction, on the ground that the peti-
tion fails to show a  continuance or  repetition of the alleged
breach of contract.     It is not shown that the plaintiffs at the
commencement of the  proceedings, or at the time of  moving
for an injunction, were themselves engaged in, or carrying on
the drug business in the town of Toledo, nor does it state other
facts showing that they had  any longer a right to  insist upon
an observance of the contract on the part of the defendant.
The petition does not, indeed, distinctly state that they ever
did carry on the drug business in Toledo, and it is only to be
inferred that they did so from  the averment that the defend-
ant sold to plaintiffs his drug store in Toledo, Iowa, but this
was several years before this action was brought, and it will
not be inferred that they have continued to so carry on said
business, in the absence of any allegation of the fact.     To
entitle a party to an injunction, he must allege the facts upon
which his right thereto rests.     This the plaintiffs have failed
to do.     Without expressing any opinion as to the alleged
breach of contract, we are clear that the motion for an injunc-
tion was properly overruled.

2. ——: ——: pleading.

AFFIRMED.