THE SHONK TIN PRINTING COMPANY

*v.*

CHARLES W. SHONK.

*Filed at Ottawa May 13, 1891.*

TRADE SECRETS—*bill to enjoin using or divulging—what will sustain.*
A bill in equity will not lie to enjoin the defendant from using or
divulging trade secrets conveyed to him by the complainant, and from
claiming that complainant has gone out of business, etc., when the
proof fails to show that the defendant is using or threatening to use
any trade secret belonging to complainant, and it appears that the lat-
ter had, more than a year before suit, sold a part of the plant, and ceased
to do business as a manufacturer in connection with the plant. It must
appear that complainant, at the time of the filing of the bill, was in such
a position that it could have been injured by the acts complained of.

APPEAL from the Appellate Court for the First District;—
heard in that court on appeal from the Circuit Court of Cook
county; the Hon. O. H. HORTON, Judge, presiding.

Mr. H. F. WHITE, for the appellant:

The sale of one's interest in a partnership carries with it
the good will of the business, and all advantages that pertain
to the firm name or place of business. Hence, a retiring part-
ner will not be allowed to renew business in such a way as to
imply that he is the successor to the old firm. High on In-
junctions, sec. 1080; *Churton* v. *Douglas*, 5 Jur. (N. S.) 1887;
*Peterson* v. *Humphrey*, 4 Abb. Pr. 394; *Hallet* v. *Cumston*, 110
Mass. 29.

Copying his employer's receipts by an employe, and using
them, will be enjoined. High on Injunctions, sec. 1083, and
cases cited.

Representation by an employe that he is carrying on the
business of the old firm will be enjoined. *Glenny* v. *Smith*,
2 D. & S. 476; *Williams* v. *Osborne*, 13 L. T. N. 458; *Croft* v.
*Day*, 7 Beav. 84.

A trade secret is a legal subject of property. *Vickery* v. *Welsh,* 10 Pick. 523; *Taylor* v. *Blanchard,* 13 Allen, 374.

A process of secret manufacture will be protected against one who, in violation of contract, seeks to use it or disclose it to others. *Morrison* v. *Moat,* 9 Hun, 241; *Youart* v. *Wingard,* 1 Jac. & Walk. 394.

A person setting out in business has no right to hold himself out, by advertisement or otherwise, as continuing the former business or as carrying it on at another place. *Hall's Appeal,* 60 Pa. 462; *Hogg* v. *Kirby,* 8 Ves. Ch. 214; *Clinton* v. *Douglas,* 1 Johns. Ch. 174.

Good will is a valuable existing interest, and is capable of valuation and of being assigned. *Kennedy* v. *Lee,* 3 Mer. 441; *Bryson* v. *Whitehead,* 1 S. & S. 74; Collyer on Part. sec. 161.

The term "good will" means all benefit of trade and business, and not one of which the vendor might, the next day, deprive the vendee. *Harrison* v. *Gardner,* 2 Madd. 219.

After a sale of the business and good will the vendor will be restrained from doing anything to injure the buyer in the enjoyment of what he has purchased. *Dwight* v. *Hamilton,* 113 Mass. 175; *Angier* v. *Weber,* 14 Allen, 211; *Warren* v. *Jones,* 51 Me. 146.

Where a person sold his business, and entered into the vendee's service, it was held not in restraint of trade to enjoin the vendor. *Hitchcock* v. *Coker,* 6 A. & E. 436; *Wallis* v. *Day,* 2 M. & W. 272.

There was no express covenant that the defendant should not enter into business on the same route. This makes no difference. That covenant only puts in words what would be implied, and would add nothing to the grant. *Dwight* v. *Hamilton,* 113 Mass. 175; *Fox* v. *Scared,* 33 Beav. 327; *Howard* v. *Woodworth,* 10 Jur. (N. S.) 1123.

Selling out an established business and name, and resuming the same business and name, will be restrained. *Frazer* v. *Frazer Lubricator Co.* 121 Ill. 147.

36 SHONK TIN PRINTING CO. *v.* SHONK.

Brief for the Appellee.    Opinion of the Court.

Mr. EDWIN F. ABBOTT, for the appellee:

The proof fails to show that any secrets were used in the business of appellee, and he never agreed not to interfere with the business of appellant or try to obtain its customers.    Contracts in restraint of trade are strictly construed.    *Talcott* v. *Brackett*, 5 Bradw. 67.

The company, as soon as Shonk left it, began to close up its business, and sent out circulars announcing that it had retired from business.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a bill in equity, praying that appellee be enjoined from using or divulging trade secrets conveyed to appellant by appellee, and from claiming that appellant had gone out of business and that appellee is its successor.    The circuit court awarded the injunction, as prayed, but the Appellate Court for the First District, on appeal to it from that decree, rendered judgment that it be reversed, and that the cause be remanded with directions to the circuit court to dismiss the bill.

The judgment of the Appellate Court must be affirmed. The appellant failed to prove that appellee was using or threatening to use any trade secret belonging to it, and the evidence is clear that appellant had sold part of its plant, and for more than a year before the filing of the bill had ceased to do business as a manufacturing company.    It does not appear that at the time the bill was filed appellant was in such a position that it could have been injured by the acts of appellee of which complaint is made, and this is indispensable to entitle to the relief sought.    2 High on Injunctions, (2d ed.) sec. 1180; *Berger* v. *Armstrong*, 41 Iowa, 447; *Blatchford* v. *Chicago D. and D. Co.* 22 Ill. App. 376; *Consolidated Coal Co.* v. *Schmisseur*, 135 Ill. 371.

The decree is affirmed.

*Decree affirmed.*