Knapp vs. Runals.

---

## KNAPP VS. RUNALS.

PAYMENT.    (1) *Plea of, affirmative defense.* Onus probandi *on defendant.*
EVIDENCE.    (2, 3) *Declarations of third party, for what purpose admissible.*
INDORSER.    (4) *Part payment by, after maturity, waives demand and notice.*
PLEADING.    (5) *Allegation construed as admission.*

1. In an action upon upon a note, payment is an affirmative defense, and the burden of proof thereof is upon the defendant.

2. Where defendant claimed to have paid the note in suit to one C., and that C. was plaintiff's attorney, with whom the note had been left for collection, while plaintiff claimed that C. had obtained possession of the note without his consent, and had acted, in so doing, as defendant's agent, declarations of C. were allowed to be put in evidence. against defendant's objection, "for the purpose of showing how the note came into his possession" (the declarations having reference to that subject), but not to prove that he was defendant's agent. *Held*. that the admission of the evidence could not prejudice the defendant, and was not error.

3. Nor was there any error, in such a case, in permitting a witness for the plaintiff to state certain conversations between himself and defendant, in which he informed the latter in what manner C. had obtained possession of the note in suit.

4. Where, upon the maturity of a note, the proper steps have not been taken to charge the indorser, by demand on the maker, protest and notice thereof, part payment of the note by the indorser, made with knowledge of the facts, is a *waiver* of such demand, protest and notice.

5. On one of the notes here in suit it was sought to hold defendant as indorser, and the complaint avers "that no part of said note has been paid to the plaintiff, except the sum of $250 *paid by the defendant*" on a certain day after its maturity. The answer alleged that plaintiff has been paid $200 on said note, "in addition to the $250 admitted by the complaint to have been paid." There being no other evidence as to such payment: *Held*, that the court did not err in treating this part of the answer as an admission that such $250 payment was made *by the defendant*.

APPEAL from the Circuit Court for *Kenosha* County.

Action upon two promissory notes, one executed to *Knapp* by *Runals*, May 15th, 1865, for $400, due in sixty days, of which the complaint alleged that no part had been paid; the other executed by one Jenison, March 11, 1865, payable six months from date, to the order of *Runals*, for $400, on which was indorsed by defendant *Runals*, Nov. 9, 1865, " I hereby waive protest and demand." The complaint alleged that defendant indorsed and delivered the note to plaintiff for value; that he made such indorsement "to avoid the presentment of said note to the maker for payment;" and that no part thereof

had been paid "except $250 paid by the defendant April 25, 1868." The complaint further alleged that said Jenison had executed a chattel mortgage to *Runals* to secure the note last mentioned, and that *Runals* had received from Jenison full payment. The answer of *Runals* alleged as defense to the first note, that after maturity and before suit brought, "he paid the same to A. G. Cole, the attorney for the plaintiff, with whom the same was left for collection, and  *  *  then took up said note, and has held the same in his possession ever since, and still has it." As to the Jenison note, the answer alleged that defendant had never had notice of protest, admitted the indorsement of Nov. 9, 1865, but alleged that it was made without consideration, without promise to pay or intent to make himself liable; denied security to indemnify him from Jenison, or payment from the latter; and alleged, "that the plaintiff had been paid upon said note the sum of $200 in addition to the $250 admitted to have been paid in the complaint."

Upon the trial there was much conflict in the testimony, the defendant swearing that he had paid the first note to Cole, and Cole testifying that defendant had paid it to him, and that he acted at the time as plaintiff's attorney for its collection. The plaintiff testified that Cole had never been, or acted as, his attorney in the matter. Under objection, he testified that Cole obtained possession of the Jenison note from him, by representing that he (Cole) was doing defendant's business, and took it for the purpose of getting the defendant to put his name on the back of it before the note became due, and that he, plaintiff, gave it to Cole with instructions to have defendant indorse it so as to hold defendant liable.

Louis Knapp, a witness for plaintiff, testified, that he saw the note in Cole's possession in 1869; that "when plaintiff came home, I informed him that Cole had got that note. I informed defendant how Cole got possession of that note; it was in the fall of 1870, in different conversations." Under objection he stated what the conversations were: " I simply related

to him how Cole had got the note and we could not get it from
him.    Defendant did not make any very great reply ; did not
say he had paid it.    In another conversation, I told him he
ought to pay the money instead of trying to force the farm
mortgages off for payment.    Defendant wanted to have me in-
fluence the plaintiff to buy them in payment of those notes."

The judge refused to instruct the jury, as asked by defend-
ant, that the indorsement of Nov. 9, 1865, waiving protest and
demand, is not sufficient to charge the plaintiff as an indorser;
that such indorsement, being intended to charge defendant to an-
swer for the debt of another, is void by the statute of frauds, be-
ing without consideration ; and that unless the jury should find
that defendant had full indemnity from Jenison, he was not liable
as an indorser ; partial indemnity will create no liability.    The
other points in the case are sufficiently presented in the
opinion.

Verdict and judgment for the plaintiff; and defendant ap-
pealed.

*Ira C. Paine*, for appellant.

*F. S. Lovell*, for respondent.

COLE. J.    Whatever doubt there might be as to the correct-
ness of some of the rulings of the circuit court to which ex-
ceptions are taken, these errors (if such they were) become
immaterial in the view we have taken of the cause.

In respect to the note of which the defendant was maker,
the defense was payment. That was an affirmative defense, and
the burden of establishing it was upon the defendant.    The de-
fendant alleged in his answer, and attempted to prove, that this
note was paid to A. G. Cole, the attorney of the plaintiff, with
whom it had been left for collection.    The plantiff denied that
it had ever been placed in the hands of Mr. Cole for any such
purpose, or that he was authorized to receive the money upon
it.    But the questions whether the note was in Mr. Cole's pos-
session for collection, and, if so, whether the defendant paid the

money to him, were questions of fact upon the evidence. These questious seem to have been fairly submitted to the jury, under proper instructions.

A point is made that the court erred in admitting the declarations of Mr. Cole in evidence as to how he obtained posses sion of this note. The court, however, held that these statements were only admissible for the purpose of showing how the note came into Mr. Cole's possession, but were not evidence to prove that Mr. Cole at the time was acting as agent of the de- fendant. With that qualification we cannot see how the admis- sion of these declarations could have prejudiced the defendant.

The witness Louis Knapp testified to seeing that note in the possession of Mr. Cole, and he said : " When plaintiff came home, I informed him that Cole had got that note. I informed the defendant how Cole had got possession of that note ; it was in the fall of 1870 that I so informed him, in different conversa- tions." Upon being asked to state what these conversations were, the witness stated them, against the objection of the de- fendant. It is assumed on the brief of counsel for the defend- ant, that these conversations were between the plaintiff and the witness, when the defendant was not present, and therefore inad- missible. But, as we understand the record, they were between the witness and the defendant. We see no error in the admis- sion of them in evidence. They were, perhaps, not very ma- terial. To sustain the defense of payment, the defendant pro- duced the note, and claimed that it was delivered up to him by Mr. Cole, who held it for collection when he paid it. But there was great conflict of testimony upon the point whether Cole held the note for collection as plaintiff's attorney, so as to make a payment to him good, or whether he did not obtain it from plaintiff's wife while acting as agent of the defendant. All the facts and circumstances bearing upon this issue were submitted to the jury.

It was sought to charge the defendant on the Jenison note as indorser. For the purpose, we suppose, of excusing the neg-

lect of the plaintiff to present the note to the maker for payment when necessary, and to give notice of its dishonor, it was alleged, among other things, in the complaint, " that no part of said note hath been paid to the plaintiff except the sum of $250 paid by the defendant April 25, 1868."

In the answer the defendant alleged, on information and belief, that the " plaintiff has been paid upon said Jenison note the sum of $200, in addition to the $250 admitted to have been paid by said plaintiff's complaint."

The court charged that this allegation of payment in the complaint and admission in the answer were "presumptively an admission of payment by the defendant," and that unless such payment was explained, "it was a waiver of the *non-protest* of the note." Exception is taken to this part of the charge. It is insisted that the court erred in the construction placed upon the pleadings, and that this allegation in the complaint and the admission in the answer do not justify or warrant—in the absence of testimony—any presumption that the defendant paid the $250 upon a note which he was not primarily liable to pay, but that the proper inference from them is, that the maker of the note paid the money. But how such an inference can be drawn from the language used in the pleadings we are really at a loss to know. The allegation is, that the defendant paid the money: and, so far from this being denied in the answer, it is by the strongest implication fully admitted. Therefore we deem the objection to the charge in that respect quite unfounded.

Counsel do not seem to disagree as to the legal consequences resulting from such a payment by the indorser after maturity of the note, with full knowledge of the facts. It is tacitly admitted that it was a waiver by the defendant of the neglect to give notice of nonpayment. The law is so laid down by TILGHMAN, C. J., in *Levy v. Peters*, 9 S. & R., 125, and the point seems to be settled by the authorities. In that case the chief justice says: " The question will then be, whether the court was right in its opinion, that even supposing payment of part to be proved;

the plaintiff could not recover, because he had not proved a demand of the bank. In general, there cannot be a recovery without proof of a demand, and notice to the drawer that payment has been refused. But there are exceptions to this general rule. Whenever the drawer acknowledges himself to be liable to payment, the necessity of proving a demand of the drawee, and his refusal to pay, and notice to the drawer, is dispensed with. Because such acknowledgment carries with it internal evidence that the drawer knew that due diligence had been used by the holder, or even if it had not, that still the drawer confessed he was under an obligation to pay. And it is immaterial whether there be proof of an express promise to pay, or of other circumstances from which it may be inferred that the drawer acknowledged himself liable. And I take it that payment of part is such a circumstance. It was so said by Judge Washington in the case of *Read v. Wilkinson*, cited in Whart. Dig., 87, from a MS. report. And there is good reason for it. For why should part be paid, unless the payer acknowledged the obligation of paying the whole? I am speaking now of payment of part after the bill has become due." pp. 127–8. To the same effect is *Sherer v. The Easton Bank*, 33 Pa. St., 134; *Bank of U. S. v. Lyman*, 20 Vt., 667; *Bibb v. Peyton*, 11 S. & M., 276; Chitty on Bills, 533; 1 Parsons on Bills, 608; see also *Tebbetts v. Dowd*, 23 Wend., 378. In the charge complained of, the court held that the answer raised a presumption that the payment was made by the defendant, and that such payment unexplained was in law a waiver of notice of dishonor; and it seems to us the defendant has no ground to say he was prejudiced by this ruling.

It follows then, if payment of the $250 by the defendant in April, 1868, which must be assumed as an admitted fact in the case, amounted to a waiver of notice of dishonor, that all the testimony given by the plaintiff as to the circumstances attending the indorsement on the back of the note by the defendant Nov. 9, 1865, and as to what Cole said at the time to the plaintiff,

was wholly immaterial. The court said that these declarations in any view were not evidence upon the question of agency ; but whether Cole acted for one party or the other in procuring that waiver of protest and demand, is of no importance. The partial payment by the defendant afterwards made was an acknowledgment of his liability to pay the note, according to the authorities above cited. There can be here no claim that the payment was not made with full knowledge of all the facts.

The requests of the defendant which the court refused to give, were obviously incorrect in view of the legal effect of part. payment. We do not deem it necessary to dwell upon them, or to point out their inapplicability to the facts of the case.

*By the Court.*—The judgment of the circuit court is affirmed.