MILTON TOOTLE ET AL., PLAINTIFFS IN ERROR, V. LUTHER B. MABEN, DEFENDANT IN ERROR.

1. **Negotiable Instruments**: ACCOUNT.: PLEA OF PAYMENT. Where in an action on a promissory note and account the answer of the defendant was a plea of payment and over-payment, and there is a failure of proof to show payment of the account, a verdict for the defendant thereon cannot be sustained.

2. **Trial**: ISSUES. A cause should be submitted to the jury upon the issues made by the pleadings, and not upon incidental questions which may arise from the testimony.

ERROR to the district court for Holt county. Tried below before POST, J., sitting for TIFFANY, J.

*Groff, Montgomery & Jeffrey* and *Uttley & Small*, for plaintiffs in error.

*M. P. Kinkaid*, for defendant in error.

MAXWELL, CH. J.

This action was commenced in the county court of Holt county, where a judgment was rendered for the plaintiffs for the amount claimed, less $36.04. The defendant appealed to the district court, and in May, 1885, the plaintiffs filed their petition in said court, stating their cause of action to be:

That prior to August 14th, 1884, the plaintiffs sold and

delivered to Maben & McCormick goods, wares, and merchandise, for which said firm was indebted at that date to the plaintiffs in the sum of $636.41; that on or about said date the firm of Maben & McCormick was dissolved, and its indebtedness to the plaintiffs was assumed by the defendant, and he agreed with the plaintiffs to pay the same; that pursuant to said agreement, on or about August 25, 1884, defendant did pay on said account the sum of $130, and, in partial payment of the balance thereof, gave his promissory note of which the following is a copy:

"$300.00.            DELOIT, NEB., Aug. 25, 1884.

"Thirty days after date, I promise to pay to the order of Tootle, Maul & Co., at the bank of Neligh, three hundred dollars, value received, with interest at 10 per cent per annum.            L. B. MABEN."

And that he promised to pay the balance within a short time; that there was due from the defendant to the plaintiffs, upon said note and the balance of said account, a copy of which was attached to the petition, marked 'Exhibit A' and made a part thereof, including interest, the sum of $517.71, for which, with interest and costs, the plaintiffs prayed judgment against the defendant. The following is a copy of the account, the principal of the note being added thereto:

Tootle v. Maben.

MABEN & McCORMICK,
*In Account with* TOOTLE, MAUL & Co.,
S. W. Cor. Harney and Eleventh Sts.

| 1884. | | DR. | | | | | CR. | |
|---|---|---|---|---|---|---|---|---|
| 1 | 18 | To Mdse.......60 | $ 27 07 | 6 | 3 | By Cash ......... | $ 75 00 | |
| | | 90 | 58 50 | 8 | 28 | | 130 00 | |
| | 21 | 60 | 17 16 | | | Bills receivable | 300 00 | |
| | | 90 | 31 77 | | | | | |
| 2 | 14 | 60 | 26 04 | | | Balance........... | 206 41 | |
| | | " 90 | 10 00 | | | | | |
| 4 | 9 | 30 | 4 75 | | | | | |
| | | 60 | 145 93 | | | | | |
| | | 90 | 157 00 | | | | | |
| 6 | 3 | 60 | 140 48 | | | | | |
| | | 90 | 79 48 | | | | | |
| | 4 | 90 | 7 65 | | | | | |
| | 7 . | 90 | 2 00 | | | | | |
| | 30 | 90 | 3 58 | | | | | |
| | | | $711 41 | | | | $711 41 | |
| | | To Bal........... | $206 41 | | | | | |
| | | " Int........... | 11 30 | | | | | |
| | | " Note......... | 300 00 | and | int. | | | |
| | | Due....... ........ | $517 71 | | | | | |

The defendant filed his answer as follows:

"First. He denies each and every material allegation contained in the petition not herein expressly admitted.

"Second. Admits the making of the promissory note, but alleges that it was given by him through mistake, he believing that he was indebted to the plaintiffs in the sum of said note at the time of making and delivering the same to plaintiffs, but he has since learned that he was not indebted to plaintiffs, but had overpaid them on a running account in the sum of about $100, as he is informed and believes, and said note was thus given without any consideration.

"Third. Alleges that plaintiffs are indebted to him for said $100 and seven per cent interest thereon from August 25, 1884, for which amount, with interest, he prays judgment against the plaintiffs."

The plaintiffs' reply is a general denial of all new matters contained in defendant's answer.

On the trial of the cause the jury returned a verdict in favor of the plaintiffs for the sum of $339.20.

A motion for a new trial having been made by the plaintiffs and overruled, judgment was entered on the verdict.

The principal errors relied upon are: First, That the court erred in giving the following instruction: "The giving and acceptance of a promissory note, as in this case, raises a presumption of settlement of all matters pertaining to the transactions at that time under consideration; therefore, to entitle plaintiffs to recover upon the account sued on, they must not only prove that the goods were not only in fact sold to defendant, or Maben & McCormick, but they must also prove by a preponderance of evidence that the said balance on said account was omitted from any settlement at the time of the execution of said note." Second, The verdict is contrary to the evidence.

It will be seen that the answer is a plea of confession and avoidance. It admits the account, but alleges that the defendant has paid it—in fact, paid more than was due thereon. The rule is well settled that under a plea of payment in the answer, the burden of proof is on the defendant to prove it. *N. P. R. R. Co. v. Adams*, 54 Penn. St., 94. *Gernon v. McCan*, 23 La. Ann., 89. *Knapp v. Runals*, 37 Wis., 135.

It does not require the citation of authorities, however, to sustain the proposition, as it is fundamental. No issue is made in the pleadings or proof that the note included the whole account. The note was not made upon a settlement of accounts between the parties, but upon the mere statement of an agent of the plaintiffs that so much was due. The defendant in his testimony claims that he was not bound by such note, and the plaintiffs were not if there was a mistake in the amount due from the defend-

ant. The case was thus submitted to the jury upon a matter not at issue, and without proof that the defendant had paid the account the jury returned a verdict thereon in his favor. This they had no authority to do. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.