Mace vs. Reed.

MACE, Appellant, vs. REED, Respondent.

*January 14 — February 5, 1895.*

(1, 2) *Evidence: Discrediting witness: Intoxication: Sickness of party.*
(3, 4) *Carriers; Assault on passenger by steamboat captain: Punitory damages: Nature of action: Costs.*

1. Evidence that a witness was intoxicated at the time of the occurrence to which he testified was admissible to discredit his testimony.

2. It was probably competent to show that defendant was sick at the time of the trial, in order to explain his absence; but evidence that he had been sick for six weeks should not have been admitted.

3. No punitory damages can be assessed against the owner of a steamboat for an assault by its captain upon a passenger, if there was no ratification of the captain's act.

4. In an action against the owner of a steamboat the complaint alleged that the defendant so negligently and improperly conducted himself as a common carrier that he did not transport plaintiff (a passenger on the boat) with reasonable comfort and safety, and did not exercise the utmost care in selecting proper agents and servants in the business of running the boat, and permitted plaintiff to be assaulted and beaten by his agents and servants thereon. *Held,* that the action was not for an assault and battery, but was based upon the negligent discharge by defendant of his duties as a common carrier; and plaintiff having recovered less than $50; under sec. 2918, subd. 5, and sec. 2920, R. S., the defendant was entitled to costs.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

Mace vs. Reed.

The complaint in this action charges that on the 6th day of August, 1893, the defendant was the owner of a steamboat and a common carrier of passengers for hire by said steamboat on Lake Winnebago, from Oshkosh to Stockbridge, and that on said day the plaintiff was received as a passenger upon said boat for hire; "that the said defendant, being under obligations towards said plaintiff of common carrier of passengers in respect to said passage, so carelessly, negligently, and improperly conducted himself in that behalf that he did not transport the plaintiff with reasonable comfort and safety, and did not use proper care and skill in and about the carrying of the plaintiff upon said journey, and did not exercise the utmost care and vigilance in selecting proper agents and servants in the business of running said steamboat, and in attending to the comfort and safety of the passengers thereon, including the plaintiff, and in maintaining order upon said steamboat, and in guarding the plaintiff against violence, from whatever source arising, while he was a passenger upon said boat, and permitted the plaintiff to be assaulted, beaten, insulted, and humiliated, and to suffer personal indignities, by the servants and agents of said defendant, while he was so a passenger as aforesaid; that thereby plaintiff was made to suffer and did suffer great pain of body and great mental pain and anguish, all to plaintiff's damage of one thousand dollars."

The answer admitted that the defendant owned the boat and was a carrier of passengers on Lake Winnebago, and that the plaintiff was a passenger for hire on said boat on the day in question, and alleged that the plaintiff was disorderly upon the boat, and that the employees in charge of the boat used no force save such as was necessary to preserve good order on the boat.

On the trial the plaintiff introduced evidence tending to show that while he was in the cabin of the boat an altercation arose between himself and one Teichgraber, the bar-

tender of the boat, and that the captain of the boat, who was a son of the defendant, seized hold of him and attempted by force to compel him to go down stairs, which he refused to do. On the part of the defendant the evidence tended to show that the plaintiff was partially intoxicated and disorderly, and that only such force was used by the captain as was reasonably necessary to maintain order. The barkeeper, Teichgraber, was the principal witness for the defendant. Upon rebuttal, the plaintiff attempted to prove that the witness Teichgraber was drunk at the time of the occurrence, but the evidence was ruled out as tending to raise a collateral issue. The trial judge charged the jury, among other things, that the defendant was not liable in any event for punitory damages.

The jury rendered a verdict for the plaintiff, assessing his damages at ninety-nine cents. Upon this verdict, judgment was rendered for the plaintiff for ninety-nine cents damages, and for the defendant for $98.96 costs and disbursements, and the plaintiff appeals.

*F. W. Houghton,* for the appellant, to the point that the action was trespass or for assault and battery, cited Chitty, Pl. 140, 147; *Bass v. C. & N. W. R. Co.* 42 Wis. 677; *Moore v. Fitchburg R. Corp.* 4 Gray, 465; *Hewett v. Swift,* 3 Allen, 420; *Mulchey v. Methodist R. Soc.* 125 Mass. 487; *Holmes v. Wakefield,* 12 Allen, 580; *Ramsden v. B. & A. R. Co.* 104 Mass. 117; Cooley, Torts, 120; *Monument Nat. Bank v. Globe Works,* 101 Mass. 57; *Brokaw v. N. J. R. & T. Co.* 32 N. J. Law, 328; *Atlantic & G. W. R. Co. v. Dunn,* 19 Ohio St. 162; *Passenger R. Co. v. Young,* 21 id. 518; *Baltimore & O. R. Co. v. Blocher,* 27 Md. 277; *Goddard v. G. T. R. Co.* 57 Me. 202; *Hanson v. E. & N. A. R. Co.* 62 id. 84; *Higgins v. W. T. & R. Co.* 46 N. Y. 23; *Chicago, B. & Q. R. Co. v. Dickson,* 63 Ill. 151; *Howe v. Newmarch,* 12 Allen, 49; *Thames S. Co. v. H. R. Co.* 24 Conn. 40.

For the respondent there was a brief by *Bouck & Hilton,* and oral argument by *Gabe Bouck.*

Winslow, J.   We think that the plaintiff should have been allowed to show, if he could, that the defendant's principal witness, Teichgraber, was intoxicated at the time of the transaction to which he testified.   It would certainly have been competent to show that the witness was not in fact present, or that, although present, he was blind or asleep or in a condition of stupefaction, so that he could not apprehend what was going on about him.   The proof that he was intoxicated is of the same general character. It is not strictly impeaching, but it tends to show that his faculties of observation were either entirely gone or much impaired.   1 Whart. Ev. § 401; *Fleming v. State*, 5 Humph. 564.

Proof was allowed, against objection, that the defendant was sick at the time of the trial, and had been confined to his bed for six weeks.   It was probably competent to show the fact that he was sick, in order to explain his absence at the trial, if he was absent; but the fact that he had been sick for six weeks had no relevance and should not have been allowed to be proven.

A number of exceptions were taken to the charge and to refusals to charge, but which we do not think it necessary to state at length.   Upon examination of the charge we think the questions at issue were fairly submitted and the issues fully covered.   The instruction to the effect that no punitory damages could be allowed is certainly correct. There was no evidence in the case of any ratification by the defendant of the captain's act, and in the absence of such evidence no punitory damages could be assessed.   *Bass v. C. & N. W. R. Co.* 42 Wis. 666.

Although the views we have expressed necessitate reversal, we deem it proper to notice another question which is fairly presented by the record.   The verdict being for less than $50, the court allowed costs to the defendant.   The plaintiff claims this to be error, because he says the action

is for assault and battery, and consequently, under R. S. sec. 2918, subd. 4, the defendant could not recover costs, but the plaintiff should have recovered as much costs as damages. The court did not evidently regard the action as an action of assault and battery, but regarded it as one of the actions referred to in subd. 5 of sec. 2918. If the court was right in this view of the nature of the action, then, under sec. 2920, R. S., the defendant was undoubtedly entitled to costs. It is very clear to our minds that the court was right with regard to the nature of the action. A careful reading of the complaint shows that the action is plainly based upon the negligent discharge by the defendant of his duties as a common carrier.

*By the Court.*— Judgment reversed, and action remanded for a new trial.