Kuenster and another vs. Woodhouse and another.

KUENSTER and another, Respondents, vs. WOODHOUSE and another, Appellants.

*October 15 — November 22, 1898.*

*Evidence: Credibility of witnesses: Relevancy: Account books: Burden of proof: Instructions to jury: Costs on appeal: Briefs.*

1. In a case involving the credibility and business habits of a defendant testifying as a witness, where he has been permitted to testify that on the day of the transaction in question he was sober and had not drunk anything when it took place, but might have been under the influence of liquor later in the day, evidence is admissible in rebuttal, to show that during the month in question he habitually used intoxicating liquors, since such use naturally tends to impair his mental faculties, including the memory, and may affect his business capacity or his credibility.

2. The exclusion of evidence that during the same season in which the transaction in suit took place the plaintiffs were associated in business with other parties, or of other matters having no connection with the transaction in question, is not error.

3. In an action against a bank to recover a balance due from it on account, which it alleges has been paid, entries in the books of the bank of moneys received and paid out on the day of such alleged payment are admissible in evidence only so far as they show transactions with the plaintiffs.

4. In an action for a balance due on account the burden of proving payment is upon the defendant alleging it.

5. In an action to recover a balance due on account which the defendant claims to have paid, it is not error to charge the jury that they must decide the issue according to the weight of evidence; that it is not necessary that they be convinced beyond a reasonable doubt.

6. It is not error for the court to refuse to invade the province of the jury by charging them as to the particular weight to be attached to certain testimony and the presumptions arising from certain conduct of the parties.

7. Under Supreme Court Rule IX, costs will not be allowed a party for printing a brief which fails to point out and correct the errors in the brief of the adverse party, and does not state the facts and conclusions which the evidence tends to prove.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

The case is fully stated in the opinion.

For the appellants there was a brief by *Bushnell, Watkins & Moses,* and oral argument by *A. R. Bushnell.*

For the respondents there was a brief by *Lowry & Clementson,* and oral argument by *G. B. Clementson.*

CASSODAY, C. J.    It appears from the record that during the times mentioned the defendants were copartners and doing business as bankers at Bloomington, Wisconsin, and the plaintiffs were copartners and doing business as shippers. of live stock and produce at Glen Haven, Wisconsin, and kept a bank account at the bank of the defendants; that May 18, 1895, the plaintiffs commenced this action to recover an alleged balance on such bank account, March 20, 1895, of $519.33, over and above all setoffs, and over and above all amounts withdrawn by the plaintiffs from the bank of the defendants, and demanded judgment for that amount, with interest and costs.    The defendants answered by way of admissions, denials, and counter allegations, and, among other things, alleged a counterclaim for a balance due them on such bank account March 1, 1895, of $541.26, over and above all setoffs and payments, and demanded judgment for that amount, with costs.    At the close of the trial the jury returned a verdict in favor of the plaintiffs, and assessed their damages at $517.24.    From the judgment entered thereon, with costs, the defendants bring this appeal.

It is conceded that November 17, 1894, the plaintiffs drew on their check on the bank of the defendants $608.40.    In addition to that it is claimed by the defendants that they

paid to the plaintiffs on that day from the bank $1,000 cash, and charged the same to the plaintiffs in their account with the bank, but received no check or other voucher for the same. The single question in issue on the trial was whether the plaintiffs did or did not receive the $1,000 from the defendants November 17, 1894, so charged in the account which the defendants kept with the plaintiffs as having been paid to them on that day. The testimony is voluminous. There is plenty of evidence to support the verdict. The facts were for the jury, and we shall not review the testimony. Whether there were any errors committed upon the trial remains to be considered.

1. The defendants contend that on the day named the plaintiff *Charles Kuenster* was at the bank of the defendants and wanted to get $1,000, and that the defendant *Patrick Bartley* told him that he might have that amount, and thereupon passed over to him $1,000 in currency, taking no voucher therefor, but simply making a memorandum thereof on a slip of paper. *Charles Kuenster* flatly denies having received any such sum on that day, or any sum for which he did not give the check of his firm. Of course the credibility and business habits of *Patrick Bartley* as well as *Charles Kuenster* were necessarily involved in the determination of the fact so in issue. Error is assigned because, after excluding certain testimony, and striking out certain other testimony, of *Charles Kuenster,* as a witness in behalf of the plaintiffs, which had been admitted without objection, tending to prove that *Patrick Bartley* had been drunk on several occasions, time and again, he was allowed to testify that he would not say whether *Patrick Bartley* was drunk or sober on November 17, 1894; and thereupon counsel for defendants stated, in effect, that, if the court thought it a proper matter to be inquired into, then the defendants would not object to a full inquiry as to the habits of *Mr. Bartley.* Subsequently *Patrick Bartley* testified in behalf of the de-

fendants to the effect that the day in question was for him a very busy day; that he did not go to dinner on that day; that he was not intoxicated on that day; that he was not drinking on that day,— not that forenoon; that he did not taste anything but water; that he did not know what time in the day he began drinking; that he did not recollect who he was drinking with on that day; that he had none of the symptoms of a strictly temperate man or a Prohibitionist; that he was not intoxicated when *Charles Kuenster* came into the bank that day, and had not been drinking a good deal that day before he came in; that he had not been out of the bank after he came into it on that day, and could not have been drunk that forenoon; that he did not recollect of being intoxicated, in the sense of being drunk; that he did not know that he might have been under the influence of liquor, to a greater or less extent, that afternoon. Subsequently the court ruled that the plaintiffs might, by way of rebuttal, prove that *Patrick Bartley* habitually used intoxicating liquors during the month of November, 1894; and thereupon a witness on behalf of the plaintiffs was allowed to testify to the effect that he had been acquainted with *Patrick Bartley* for a number of years, and knew what his habits were in respect to drinking during November, 1894; that he was then running an hotel in the village of Bloomington, forty feet from the bank of the defendants; that he could not state whether during that month he was habitually intoxicated or under the influence of liquor; that he knew that he drank liquor, but that he never saw him intoxicated so that he could not do business. We are constrained to hold that there is no reversible error in the admission of such testimony. Intoxication naturally tends to stupefaction,— impairing the mental faculties, including the memory,— and may exist to such a degree as necessarily to affect a man's capacity for business or his credibility as a witness. *Gore v. Gibson,* 13 Mees. & W. 623; *Matthews v.*

*Baxter*, L. R. 8 Exch. 132; 2 Greenl. Ev. §§ 300, 374; *Terrill v. State*, 74 Wis. 286, 287.

2. There was no error in excluding testimony to the effect that during the same season the plaintiffs were buying stock in connection with other parties,— C. W. Stone and A. Lewis; nor in sustaining an objection to a question put to *Charles Kuenster*, as to where he kept certain private books in which he kept an account of gains and losses. Such testimony would have been irrelevant. The same is true in respect to excluding testimony of certain other transactions having no connection with the question in dispute.

3. The court admitted in evidence, against the plaintiffs' objection, the entries of the defendants in their bank journal of all moneys paid out and all moneys received November 17, 1894; and the court ruled that such entries were only evidence in so far as they showed transactions with the plaintiffs, to wit: "Kuenster Bros. cash 1000. *C. Kuenster* 608.40." Such ruling was as favorable to the defendants as they were entitled to, under the statute. S. & B. Ann. Stats. sec. 4189*b*. The same items of "cash 1000" and "*C. Kuenster* 608.40" were entered in the pass book of the plaintiffs under date of November 17, 1894. That pass book, however, appears to have been left by the plaintiffs at the bank of the defendants the latter part of October, 1894, to be written up; and, although they called for it frequently, yet they failed to get it until about the middle of January, 1895, soon after which they claimed to have discovered that they had been charged with having received $1,000 on the day named, which they had never in fact received. The cashier of the bank appears to have been the teller and bookkeeper also; and he testified that on the morning of November 17, 1894, there was a balance in the bank to the credit of the plaintiffs of $2,632.40.

4. This is a civil action. The defendants claim to have paid to the plaintiffs $1,000 without taking any voucher

therefor. The plaintiffs flatly deny such payment. Certainly there was no error in charging the jury to the effect that the burden of proving such payment was on the defendants. Such payment was an affirmative defense, and the burden of proving it was necessarily upon the defendants. *Knapp v. Runals*, 37 Wis. 135; *Studebaker Bros. Mfg. Co. v. Langson*, 89 Wis. 200. Such burden of proof did not shift during the trial. *Atkinson v. Goodrich Transp. Co.* 69 Wis. 5. Nor was there any error in charging the jury to the effect that the question at issue should be determined according to the weight of the evidence; that they must be convinced by a preponderance of the evidence that the defendants paid the money as claimed, before they could find in their favor; that the law did not require them to be convinced beyond a reasonable doubt; and that the question to be determined was purely one of fact, with no special legal principle involved. The question at issue does not involve the wrong or intended fraud of one party any more than the other. The defendant *Patrick Bartley* swears that he paid the money to the plaintiff *Charles Kuenster*, and the latter positively swears that he did not make any such payment. One or the other was certainly mistaken or intentionally swore falsely, and the determination of that question was peculiarly for the jury. Both parties had the right to have the question fairly submitted to the jury, and we think it was so submitted.

5. The court very properly refused to invade the province of the jury by charging them as to the particular weight to be attached to certain testimony on the part of the plaintiffs, and certain presumptions to arise from certain conduct of the plaintiffs, or one of them.

6. The failure to follow the rules of this court requires us to look over 256 pages of printed matter in this case, whereas the presentation of the case would have been much more helpful to the court had it been confined within proper limits. The members of an appellate court are not to per-

form the functions of a jury.    No extended discussion upon a mere question of fact is "permissible in any brief or at the bar."    Supreme Court Rule IX.    It should not be incumbered with superfluous matter.    The same rule required the respondents' brief to point out any insufficiency or inaccuracy of the appellants' brief, and to supply, correct, and answer the same in the order therein prescribed for the appellants' brief.    It was also legitimate to state therein the leading facts or conclusions which the evidence established or tended to prove, with proper references to the printed case, where all the evidence bearing upon such leading facts or conclusions could have been found.    The respondents' brief in this case contains seventy-three pages, and does not conform to the requirements; and in pursuance of that rule, no costs will be taxed for printing the same.

*By the Court.*— The judgment of the circuit court is affirmed.

BARDEEN, J., dissents.