MEYER, Respondent, vs. HAFEMEISTER, Appellant.

*October 22—November 17, 1903.*

*Payment: Burden of proof: Instructions to jury: Evidence: Trans-
actions with agent since deceased: Cross-examination.*

1. An instruction that it was incumbent upon defendant to estab-
   lish his defense of payment "by clear and satisfactory evi-
   dence" was erroneous and presumably prejudicial, although
   the court had already correctly .charged that the burden was
   upon him to show payment "by a fair preponderance of the
   evidence."
2. Under sec. 4070, Stats. 1898, defendant was not competent to
   testify as to transactions between himself and plaintiff's at-
   torney, since deceased, where plaintiff had offered no evidence
   concerning such transactions.
3. The question being whether a certain mortgage had been re-
   ceived by plaintiff in full payment and satisfaction of defend-
   ant's liability on a judgment against him and others, defend-
   ant should have been allowed to elicit from plaintiff, on cross-
   examination, the negotiations and conversations actually had
   with him concerning the payment and satisfaction of said judg-
   ment, and what took place when securities and property were
   deposited and conveyed by him to apply on the liability.

APPEAL from a judgment of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Re-
versed.*

This is an action by plaintiff, as trustee, to recover the
sum of $152.63, with interest, as a balance due him from de-
fendant on a judgment against defendant and others. It ap-
pears that defendant, one Kretschmar, and four other persons
had signed as bondsmen for J. B. Koetting in the estate of
Lurinda Shepardson, deceased; that Kretschmar was insolv-
ent, and that plaintiff could collect nothing from him, and
therefore sought to enforce the liability against defendant
and the other four bondsmen; and that he recovered judg-
ment for the full amount.

It is admitted in the record that plaintiff had a judgment

claim against defendant on November 1, 1897, amounting to $13,152.63, and that plaintiff received from defendant a $13,000 real-estate mortgage on this indebtedness. Plaintiff alleges that there remained due him this sum of $152.63 on this judgment, over and above the mortgage payment of $13,000; that on or about April 28, 1900, defendant agreed to pay him this sum if he would satisfy in full this judgment against him. Plaintiff alleges that he relied on this promise, and satisfied the judgment as agreed. Defendant claims this mortgage was given in full payment and satisfaction of his liability on the judgment, and was so received by plaintiff.

The case was tried before a jury. The material question litigated was whether this mortgage was received in full payment and satisfaction of defendant's liability on the judgment. At the conclusion of the trial, judgment was awarded in plaintiff's favor for the amount demanded, with interest, and from such judgment defendant appeals.

For the appellant there was a brief by *Doerfler, McElroy & Eschweiler,* and oral argument by *F. C. Eschweiler.*

For the respondent there was a brief by *Miller, Noyes & Miller,* and oral argument by *George P. Miller.*

SIEBECKER, J. Defendant contends that the circuit court committed error in instructing the jury upon the rule of the burden of proof applicable to the defense of payment. The court instructed the jury at length upon the burden of proof and the preponderance of evidence. The following instruction was given as bearing on the defense of payment:

"The burden of showing the $13,000 mortgage given by the defendant to the plaintiff as trustee was a payment in full of the entire amount due under the judgment against the defendant is upon the defendant, and he must satisfy you *by a fair preponderance of the evidence* that the giving and acceptance of such mortgage constituted a payment in full of the $152.63 sued for in this action."

The court then instructed the jury in what issues the burden of proof rested on the plaintiff, and that it devolved on him to establish his case by a fair preponderance of the evidence. The court, however, did not submit the case upon these instructions, which directed the jurors' attention to the rules of law upon this subject, but proceeded further to inform the jury as to the burden resting upon defendant to establish his claim of payment, in the following language:

"The burden of proof is on the defendant herein as to all the material facts necessary to sustain his contention that he has satisfied and paid the same, and it is incumbent upon the defendant to establish those allegations *by clear and satisfactory evidence.*"

The first instruction above referred to correctly charges that the burden was on the defendant to establish payment of plaintiff's claim and that the fact of payment must be established *"by a fair preponderance of the evidence;"* but the instruction which followed on the subject modified this rule in a material respect, in that it informed the jury that it was incumbent on the defendant to establish the fact of payment *"by clear and satisfactory evidence,"* which negatives the idea that a mere preponderance of evidence is sufficient to warrant the jury in finding that payment was made as claimed. The last instruction given informed the jury that the fact of payment must be shown by evidence establishing it to a higher degree of certainty than its mere preponderance. It is argued, though this rule be erroneous, it should not be held prejudicial, because the court also instructed the jury correctly upon the subject. But what rule did the jury follow? It is fully as probable they followed the one rule as the other in their determination of the issues. They found payment was not established as alleged by defendant. This may have resulted because they believed the proof failed to show payment to that degree of certainty as defined and required by the last instruction, though believing that the

weight of the evidence adduced preponderated in defendant's favor. Since the instructions may have prejudiced the defendant upon this issue, it must be held to constitute reversible error.

Numerous errors are assigned upon the court's rulings on objections as to the admission and rejection of testimony. An exception is argued upon the ruling excluding any conversation between defendant and plaintiff's attorney Geo. H. Wahl, who, it appeared, was deceased, upon the ground that defendant was not competent to establish any transaction with plaintiff's deceased agent. No evidence had been offered by plaintiff concerning the transactions between the deceased and defendant, to remove the bar of the statute covering the subject. This precluded defendant from giving any such conversation when objected to by the adverse party. We perceive no error in the ruling.

Many of the exceptions to these rulings pertain to the exclusion of evidence tending to show the nature and amount of the original liability out of which this claim arose, and the negotiations pertaining to its payment, and the insolvency of Mr. Kretschmar. We find it unnecessary to discuss each exception in detail, since a new trial must be directed upon other grounds. The record, however, shows that the trial court limited the cross-examination of plaintiff too strictly. The jury should have been informed of the facts and circumstances surrounding these negotiations, to give them a proper understanding of their significance and aid them in properly applying the evidence to the controverted issues. For this purpose, it was proper to elicit from the plaintiff the negotiations and conversations actually had with him concerning the payment and satisfaction of the original judgment, and what took place when the securities and property were deposited and conveyed by him to apply on this liability.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.