(93 Misc. Rep. 139)

### LEFF v. SECURITY BANK OF NEW YORK.

(Supreme Court, Appellate Term, First Department.   January 31, 1916.)

1. BANKS AND BANKING ⚖╾148—DEPOSITS—PAYMENT OF FORGED CHECK— NEGLIGENCE OF DEPOSITOR.

Defendant bank furnished plaintiff depositor with a check book containing numbered checks with plaintiff's name printed thereon. About a week before defendant cashed one of such checks, to which plaintiff's name was forged, three blank checks were found missing from the book, and plaintiff's bookkeeper called his attention thereto, writing on the stubs, "Look out for this check." Plaintiff did not inform the bank that the checks were missing. *Held*, that such facts were insufficient to raise an issue for the jury of plaintiff's negligence.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 438–446, 451, 452; Dec. Dig. ⚖╾148.]

---

⚖╾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKS AND BANKING &148—DEPOSITS—PAYMENT OF FORGED CHECK—NEGLIGENCE OF DEPOSITOR.

The general rule is that primarily a bank may pay and charge to its depositor only such sums as are duly authorized by him, but can escape liability for paying a forged check by establishing that the depositor was guilty of negligence contributing to the payment and that it was free from any negligence; the depositor's liability not extending beyond the damage caused by such default.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 438–446, 451, 452; Dec. Dig. &148.]

3. BANKS AND BANKING &154—DEPOSITS—PAYMENT OF FORGED CHECK—NEGLIGENCE OF DEPOSITOR—BURDEN OF PROOF.

In an action by the depositor to recover money paid out by a bank on a check to which his signature was forged, the burden of establishing an authorized payment, or that the depositor was guilty of contributory negligence, preventing his recovery, was on the bank, since, the relation between a bank and a depositor being that of creditor and debtor, with an implied contract on the bank's part to disburse only upon the depositor's order and in conformity with his directions, payments upon forged indorsements are made by the bank at its peril.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533; Dec. Dig. &154.]

4. BANKS AND BANKING &154—DEPOSITS—PAYMENT OF FORGED CHECK—BURDEN OF PROOF.

The only burden on the depositor in such action was to prove the deposit and the balance remaining due after deducting the admittedly authorized payments.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533; Dec. Dig. &154.]

Appeal from City Court of New York, Trial Term.

Action by Joseph Leff against the Security Bank of New York. From a judgment of the City Court of the City of New York for defendant, and order denying his motion for new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Morrison & Schiff, of New York City (Jacob R. Schiff, of New York City, of counsel), for appellant.

Herman B. Goodstein, of New York City (Herman B. Goodstein and Thomas J. Kavanagh, both of New York City, of counsel), for respondent.

GUY, J. Plaintiff appeals from a judgment in favor of defendant entered on the verdict of a jury, and from an order denying plaintiff's motion for a new trial in an action brought by plaintiff as a depositor in defendant bank to recover $1,900.

The answer is a general denial, payment, and a separate defense which alleges, in substance, that defendant, upon opening an account with plaintiff as a depositor, had provided plaintiff with a certain bound check book containing numbered checks with plaintiff's name printed thereon, and that plaintiff failed to exercise due diligence in examining said check book, and failed to report to defendant errors and irregularities in connection therewith, by reason of which the de-

fendant was misled and prevented from taking proper steps for protection against such errors.

The evidence disclosed the fact that, about one week before payment by the defendant of a check purporting to bear plaintiff's signature, but which plaintiff testified was a forgery, the attention of plaintiff was called by plaintiff's bookkeeper to the fact that three of the numbered checks in plaintiff's blank check book were missing, and that plaintiff's bookkeeper at that time wrote on the stub opposite said missing checks the words, "Look out for this check," but that plaintiff did not report to defendant the fact that said blank checks were missing.

[1, 2] The main question of law involved on this appeal is whether, with knowledge that checks had been abstracted from plaintiff's check book by some one, plaintiff was guilty of such negligence in failing to report that fact to the defendant bank as would deprive him of his right to recover the sum wrongfully paid on a forged check. This question was submitted to the jury by the learned trial court as follows:

"Negligence means neglect to do those things dictated by ordinary business customs, prudence, and fair dealing, which would have prevented the wrong that resulted from that omission. Negligence means the omission to perform a duty, as well as the commission of an act which would be violative of a duty. * * * So that you want to take into consideration, in approaching this question of negligence, the ability and the knowledge which the plaintiff had in reference to transacting business, so far as checks and the figuring of balances is concerned, and in using a check book, such as he did use, and the purpose for which he used it and otherwise, and then say whether or not the plaintiff used the ordinary degree of care which an ordinarily prudent person should have used or exercised, under the circumstances in question, in reference to this bank account. If he exercised that ordinary care and that ordinary degree of prudence which a person of ordinary prudence exercises, then he would not be guilty of negligence which contributed to the payment of a forged check."

The court then further added:

"The question is whether the plaintiff exercised that ordinary degree of care which he should have exercised upon discovering it, and whether he should have taken some steps to have prevented the bank from paying the moneys upon those checks. In other words, you may not assume that the forgery (if you find that the check is a forgery) could have been perpetrated just as successfully by means of a form other than one of the missing blank forms. The question for you to decide is whether care and vigilance would have prevented what was actually done; not whether it would have prevented something that was not done in this case."

To which charge plaintiff excepted.

The general rule of law is that:

"Primarily a bank may pay and charge to its depositor only such sums as are duly authorized by the latter, and of course a forged check is not authority for such payment. It is, however, permitted to a bank to escape liability for repayment of amounts paid out on forged checks by establishing that the depositor has been guilty of negligence which contributed to such payments and that it has been free from any negligence." Morgan v. U. S. Mortgage & Trust Co., 208 N. Y. 218, 222, 101 N. E. 871, 872, L. R. A. 1915D, 741, Ann. Cas. 1914D, 462.

"If the depositor has by his negligence * * * caused loss to his bank, * * * he should be responsible for the damage caused by his default, but *beyond this his liability should not extend.*" Critten v. Chemical Bank, 171

N. Y. 219, 228, 63 N. E. 969, 972 (57 L. R. A. 529). The depositor's liability "is limited to the damages sustained by the bank in consequence of such neglect." 171 N. Y. 229, 63 N. E. 973, 57 L. R. A. 529.

In Leavitt v. Stanton, Lalor's Supp. 413, 416, it appeared that a forged check was written on one of the depositor's own blanks taken from his book; that the depositor had furnished his signature to the felon, and that he had grounds of suspicion; also that the bank was not notified that such check was taken from the depositor's book. The court, by Chief Justice Nelson, said:

"It would be somewhat novel and extraordinary to hold one of the customers bound for all the forged papers of the kind in his name that might happen to be imposed upon the bank, because a blank form cut from the book was used by the felon, even assuming that all due care had not been taken to prevent the use of it. The consequences, to wit, the forgery, and the successful imposition upon the defendant, are far too indirect and remote to be chargeable upon any such neglect or carelessness with the certainness required in legal accountability. It would be too much to hold from this that the cashier should have anticipated the possible design of Rutherford (the person to whom the blank check was given) to commit the forgery upon the defendant, or should have foretold the defense and communicated the fact, and that neglect in doing so charged upon him, or his institution, all the consequences of any forgery that might subsequently have happened."

We are of the opinion that the evidence herein was not sufficient to create any issue for the jury as to plaintiff's negligence, and that in submitting that question to the jury the court committed reversible error.

[3] Plaintiff excepted to the court charging the following request of defendant:

"I ask your honor to charge that the burden of establishing by a preponderance of evidence that the disputed signature is a forgery is on the plaintiff."

And to the following correction of said charge by the court:

"The Court: I will correct that, and say that the burden of proof is on the plaintiff to show, first, that it was a forgery, and then the burden of proof is on the bank to show that it was not negligent in paying the check. * * * The burden of proof is upon the plaintiff to satisfy you by a fair preponderance of the evidence, before he can recover in this case, that it was either a forgery or that it was paid out without the plaintiff's authorization."

In so charging the learned court committed reversible error. The contrary rule is laid down very clearly in Shipman et al. v. Bank of State of New York, 126 N. Y. 318, 27 N. E. 371, 12 L. R. A. 791, 22 Am. St. Rep. 821, as follows:

"The relation between a bank and a depositor is that of debtor and creditor, and the law implies a contract on the part of the bank to disburse the money standing to the depositor's credit only upon his order and in conformity with his directions; no payments can be charged against a depositor by a bank, unless made to such persons as the depositor directed. Payments, therefore, made by a bank upon forged indorsements are at its peril, unless it can claim protection upon some principle of estoppel, or because of some negligence chargeable to the depositor."

See also Weisser's Administrators v. Denison, President of North River Bank, 10 N. Y. 68, 61 Am. Dec. 731.

[4] The burden of establishing the defense of payment authorized by the depositor is upon the bank, as well as the burden of establishing the defense of estoppel by reason of the alleged contributing negligence of the depositor by which the bank has been misled. The only burden resting upon the plaintiff is proof of the deposit and of the balance remaining due after deducting payments admittedly authorized by plaintiff.

On the trial it was stipulated that on·a certain date there was a balance due plaintiff of $1,900, and that the plaintiff was entitled to draw against that account on that date the sum of $1,900. The facts alleged by the plaintiff were therefore admitted, and there was no burden of proof resting upon plaintiff in connection with the issues submitted to the jury.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.