Peart and another, Respondents, vs. Schwenker, Commissioner of Banking, Appellant.

*November 7—December 3, 1929.*

For the appellant there was a brief by *James E. O'Neill* of Dodgeville and *T. M. Priestley* of Madison, and oral argument by *Mr. Priestley.*

For the respondents there was a brief by *La Follette, Rogers & Roberts* of Madison, and oral argument by *Glenn D. Roberts.*

OWEN, J. The City and Farmers Bank of Dodgeville was taken over by the defendant, commissioner of banking, as an insolvent institution on the 11th day of November, 1927. The plaintiffs filed their claim against said bank with the commissioner in the sum of $6,651.41. The claim was allowed by the commissioner in the sum of $151.41. This action was brought in the circuit court for Dodge county to recover the amount of their claim. The complaint alleges that at the time said bank was taken over for liquidation, plaintiffs had due them on deposit in said bank under the name of Peart Bros. the sum of $6,651.41. This allegation was denied by the answer, and for a further defense it was alleged that "long prior to the commencement of this action the said City and Farmers Bank had duly paid to the said plaintiffs or their duly authorized agents all sums of money

whatsoever due and owing by said bank to said plaintiffs save and except the sum of $151.41, which has been duly allowed as a claim in proceeding for the liquidation of said bank."

Upon the trial the plaintiffs introduced in evidence the books of said bank, or a copy thereof, showing the account of said bank with the plaintiffs from June 24, 1926, to November 9, 1927. This account showed a balance due Peart Bros. of $151.41. It also showed a charge against Peart Bros. of $6,500 under date of September 29, 1927, designated as "Parry notes."

It seems that V. T. Williams, the cashier of the bank, owed W. J. Parry a considerable sum of money, which he paid in part by surrendering to Parry a note for $6,500 which the bank held against him, and by charging the same to Peart Bros. The only issue litigated on the trial was whether Peart Bros. had authorized Williams to charge this note to their account, or, in other words, whether they had loaned Williams the sum of $6,500. This issue was submitted to the jury in the form of a special verdict by the following question: "Did the plaintiffs, on or about the 29th day of September, 1927, loan to V. T. Williams the sum of $6,500?" This question was answered No. The court charged the jury that "the burden of proof as to this question is upon the defendant, to satisfy you to a reasonable certainty by the preponderance of the evidence that your answer to this question should be 'Yes.'"

Appellant contends that this instruction erroneously imposed upon the defendant the burden of proof as to this issue. The instruction was correct. The deposits made by the plaintiffs constituted the bank their debtor in the amount represented by the aggregate deposits, less such amounts as had been paid by the bank to the plaintiffs or to others upon their authorization. The amount of the deposits made was shown by the books of the bank. These books con-

stituted a deliberate admission on the part of the bank as to the amount of deposits made during the period under consideration.

The defense of payment is an affirmative or special defense. Although there may be some disagreement as to whether this defense can be proved under a general denial (21 Ruling Case Law, p. 115, § 127), it is uniformly held, so far as we are aware, that the burden of establishing such a defense is upon the defendant. 21 Ruling Case Law, p. 119; 30 Cyc. 1264; *Meyer v. Hafemeister,* 119 Wis. 539, 97 N. W. 165; *Kuenster v. Woodhouse,* 101 Wis. 216, 77 N. W. 165, and cases cited. The case of *Goff v. Stoughton State Bank,* 78 Wis. 106, 47 N. W. 190, casts no doubt upon this rule. The issue there was not one of payment merely, but whether the original transaction was a cash or credit transaction.

Like the burden resting on the plaintiff to prove the cause of action alleged, this burden rests upon the defendant from the beginning to the end of the trial. As said in *Rost v. Roberts,* 180 Wis. 207, 212, 192 N. W. 38, "This is a burden which the law imposes upon every plaintiff, and this burden remains upon him throughout the trial. 4 Wigmore, Evidence, § 2489. It is with him at the close as well as at the beginning, and in order for him to recover the jury must find that the facts entitling him to recover are established by a preponderance of the evidence. Of course when the plaintiff has introduced evidence sufficient to justify a verdict in his favor, it devolves on the defendant to meet and overcome such evidence. But the plaintiff is never relieved of the burden of proof, meaning thereby the burden of proving by a preponderance of the evidence the facts necessary to entitle him to recover."

The only issue here litigated was whether the bank had repaid to the plaintiffs the amount of their deposits. This was a defense set up by the bank to defeat plaintiffs' re-

covery. The burden of proving such defense rested upon it from the beginning to the end of the trial. This burden was not affected by the manner or order of proof. It was unaffected by the fact that plaintiffs saw fit to introduce the books of the bank which may have constituted *prima facie* evidence of payment. Sec. 328.24, Stats. This simply made it incumbent on the plaintiffs to meet and overcome such *prima facie* evidence at an earlier stage of the trial, which they did before closing their case. The application of this rule to the situation here under consideration seems so plain that citation of specific authorities seems unnecessary. However, we find it laid down in treatises dealing with the subject of banks and banking that where the fact of a deposit appears, the burden is on the bank to prove payment. 7 Corp. Jur. p. 669; Zane, Banks & Banking, 291. See, also, *Leff v. Security Bank,* 93 Misc. 139, 157 N. Y. Supp. 92; *First Nat. Bank v. Ketchum,* 68 Okla. 104, 172 Pac. 81; *Deland v. Dixon Nat. Bank,* 111 Ill. 323; *Kuenster v. Woodhouse,* 101 Wis. 216, 77 N. W. 165; *Simpson v. First Nat. Bank,* 129 Fed. 257.

A further contention is made that the verdict is not supported by the evidence. An examination of the record reveals such a clear jury question that discussion thereof is deemed unnecessary.

*By the Court.*—Judgment affirmed.