LARSON, Trustee in bankruptcy, Respondent, vs. MONSON, Appellant.

*November 11—December 8, 1931.*

For the appellant there was a brief by *Robert N. Nelson* and *Carl W. Danhouser,* both of Madison, and oral argument by *Mr. Nelson.*

For the respondent there was a brief by *Curkeet, Lewis & Sanborn* of Madison, and oral argument by *Wm. R. Curkeet.*

OWEN, J. It appears that on or about July 24, 1929, Martin T. Monson was adjudicated a voluntary bankrupt by the district court of the United States for the Western district of Wisconsin. Obed Larson, the plaintiff, was appointed trustee of his estate. The bankrupt was an unmarried man forty-four years of age and resided with his father on a farm in Dane county the greater part of his life. For a number of years he had raised tobacco on a portion of his father's farm "on shares," under an agreement that each was to have one half of the proceeds of the crops so raised. It was customary for the father to market the crop, collect the proceeds therefor, and pay to the bankrupt the portion thereof to which he was entitled. The complaint alleges that for a number of years the defendant, father of the said bankrupt, failed to pay to the bankrupt the portion of each year's crop to which the bankrupt was entitled, and this action is brought to recover such unpaid balances.

While the evidence covers the operations between the bankrupt and the defendant for a number of years, the court found that the defendant owed the bankrupt nothing for his portion of the crop during any year except for the crop of 1928. The court also found that the crop for the year 1928 was sold by the defendant for the sum of $751.80, of which

he paid the bankrupt the sum of $175, and that the defendant owed the bankrupt the sum of $200.10, for which amount judgment was rendered in favor of the plaintiff. As there is no appeal from the judgment of the court which fails to find anything due the bankrupt from the defendant during any of the years except that of 1928, nor a motion to review the same, the sole question presented is whether the finding of the court that there was $200.10 due the bankrupt for the year 1928 is sustained by the evidence.

Neither the bankrupt nor his father kept any books, and their memory with reference to the transactions was hazy, indefinite, and unsatisfactory. The amount received for the crop of 1928 was proved only by the testimony of the person to whom the crop was sold. This testimony showed that the father collected for the crop for the year 1928 the sum of $751.80. The testimony of the defendant was to the effect that he had paid the bankrupt all that he had coming for that year's crop. The bankrupt also testified that he had received all that was due him for that year's crop, but the highest specific amount which he admitted having received was $175.

The evidence discloses affirmatively and conclusively that the crop sold for $751.80. It also appears conclusively that the bankrupt's share of this amount was $375.90. The facts established by the evidence indicate that the most the bankrupt received was $175.80. A mere mathematical calculation indicates that if this was all that he was paid, he had not received all that he had coming, but that there was due him $200.10 from the defendant, as found by the court. It having been established that the amount owing by the defendant to the bankrupt was $375.90, the burden of proof of payment was on the defendant. *Peart v. Schwenker,* 200 Wis. 200, 227 N. W. 945. The proof wholly fails to disclose payment of more than $175, which leaves the balance due as found by the court.

*By the Court.*—Judgment affirmed.