## HARRIS v. FREEMAN et al.
### No. 2602.

Court of Civil Appeals of Texas. Beaumont.

Nov. 15, 1934.

Crawford & Crawford and W. P. McComb, all of Conroe, and Paul D. Page, Jr., and Sewell, Taylor, Morris & Garwood, all of Houston, for appellant.

Foster, Williams & Nicholson, of Conroe, for appellees.

WALKER, Justice.

By deed dated the 3d day of September, 1927, appellant, Jack Harris, joined by his wife, conveyed to R. L. Cartwright a tract of 36.41 acres of land out of the John A. Davis 1280-acre survey in Montgomery county. By deed dated the 9th day of March, A. D. 1928, Cartwright conveyed the same tract of land to appellee J. R. Freeman. This suit was filed by appellant against appellee J. R. Freeman and Heep Oil Company on the 17th day of November, 1932, on allegations that he assisted Freeman in purchasing the land from Cartwright, and that Freeman would pay him for his services a royalty of one thirty-second of all oil produced and saved from the land; in the alternative he pleaded a cause of action for $36,000 as the reasonable value of the interest appellee was to convey to him. Heep Oil Company was made a party defendant on the theory that it was claiming an interest in the land adverse to the claim of appellant. The defendants answered by general demurrer, general denial, and certain special defenses not necessary to mention.

Appellant testified to the terms of the contract as pleaded by him, that it was oral and was entered into by him and appellee out in the woods, and that Herman McGuire and Felix Cleveland were present and heard the details of the contract. Testifying as a witness, McGuire corroborated appellant's testimony. Appellee denied absolutely that any such contract was made. The issue raised by appellant's pleadings and the testimony given by him and his witnesses were submitted to the jury by the following question, answered in the negative: "Do you find from a preponderance of the evidence that Jack Harris, Plaintiff, and J. R. Freeman, defendant in this case, during the year 1928, made an agreement orally that if plaintiff would convey the land in question to R. L. Cartwright and assist defendant, Freeman, in securing a deed to said land from Cartwright to the defendant, Freeman, that said Freeman would pay and deliver to Jack Harris one thirty-second ($\frac{1}{32}$) of all oil produced from said land when produced?"

On the verdict, judgment was entered for appellees, from which appellant has duly prosecuted his appeal to this court on two assignments of error.

■ First. The assignment, "the trial court erred in admitting, over the objection of the plaintiff, the testimony of Herman McGuire that he was in the habit of going out to the

house of Jack Harris, plaintiff; that it was a place where you could get 'bootleg stuff'; that he and plaintiff, Jack Harris, had been drinking a whole lot together; and that plaintiff, Jack Harris, was a heavy drinker himself," is not well taken. The following proposition from 40 Cyc. 2574, supports the ruling of the court: "The fact that a witness was intoxicated at the time of the events concerning which he testifies bears upon his capacity for accurate observation and correct memory, and hence is proper to be shown and considered in passing upon his credibility, although it does not render him absolutely unworthy of credit, and it is proper to cross examine a witness fully as to whether he was intoxicated at such time, although the intoxication of the witness at such time may be shown without first asking him whether he was intoxicated. The intoxication of a witness at the time when he testified also goes to his credibility."

The following additional authorities are directly in point denying appellant's contention: 23 Corp. Jur. 31; 17 Tex. Jur. § 121, p. 360; Levy v. Campbell (Tex. Sup.) 20 S. W. 196; Green v. State, 53 Tex. Cr. R. 490, 110 S. W. 920, 22 L. R. A. (N. S.) 706; Meyers v. State, 37 Tex. Cr. R. 208, 39 S. W. 111; Lewis v. State, 33 Tex. Cr. R. 618, 28 S. W. 465; Mace v. Reed, 89 Wis. 440, 62 N. W. 186; Pittsburgh, C., C. & St. L. R. R. Co. v. O'Conner, 171 Ind. 686, 85 N. E. 969-974; Kuenster v. Woodhouse, 101 Wis. 216, 77 N. W. 165; Bliss v. Beck, 80 Neb. 290, 114 N. W. 162, 16 Ann. Cas. 366; Joyce v. Parkhurst, 150 Mass. 243, 22 N. E. 899.

The second assignment asserts that the court erred in refusing to grant a new trial on the ground of misconduct of the jury. The evidence on that issue was taken by the official court stenographer and preserved by bill of exception, agreed to by counsel for both parties, and regularly approved by the court. The transcript, filed in this court on December 18, 1933, did not contain this bill of exception, though it was made up under the direction of appellant. On the 23d day of July appellant filed his motion that the district clerk of Montgomery county "be allowed to forward the bill of exception, containing the testimony adduced on the hearing of plaintiff's motion for new trial," to this court, to be filed as part of the record. We refused that motion on appellees' contest that it was not an application for writ of certiorari, the remedy provided by law to perfect a record on appeal. A. B. Richards Medicine Co. v. Avant (Tex. Civ. App.) 275 S. W. 260; Woolley v. Nelson (Tex. Civ. App.) 250 S. W. 481; Gulf, B. & K. C. Railway Co. v. Eastham (Tex. Civ. App.) 54 S. W. 648. On October 20th appellant filed a new application to perfect his record, together with his motion to postpone the submission of the case, which was set for October 26th. The motion to postpone was overruled when the case was called for submission on October 26th; and at that time the motion to correct the record was carried with the case, which was regularly submitted. On the facts stated, it is our conclusion that it would constitute an abuse of discretion on our part to permit appellant to correct the record at this late date. No excuse was offered why application for certiorari was not made within a reasonable time after the transcript was filed in this court, nor why such application was not immediately made after we had overruled the former motion.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.