THE STATE v. MILLER AND KREMLING.

1. **Criminal Law:** GRAND JURY: INCOMPLETE PANEL.   Where a number of the grand jurors summoned fail to appear, it is not necessary that a precept should issue to authorize the sheriff to complete the panel. Following *The State v. Miller and Kremling, ante*, p. 84.

2. ———: PRACTICE: EVIDENCE.   It is not error to allow a witness in a criminal trial to refresh his memory by a reference to the minutes of his testimony given before the grand jury.

3. ———: GAMBLING: WHAT CONSTITUTES.   Under section 4028, of the Code, the playing of billiards, with the understanding that the loser of the game shall pay for the use of the table, constitutes gambling. Whether the game played is one of skill or chance is immaterial.

4. ———: INSTRUCTIONS: JURY.   Instructions as to the reasonable doubt which entitles a defendant charged with crime to an acquittal, and as to the duty of jurors in considering a case, considered and approved.

*Appeal from Hardin District Court.*

THURSDAY, MARCH 18.

THE defendants were indicted for keeping a gambling house. Upon a trial by jury, they were convicted and the court adjudged that each defendant pay a fine of $50 and costs, and they appeal.

*Fred. Gilman*, for appellants.

*J. F. McJunkin, Attorney General*, for the State.

ROTHROCK, J.—I. The defendants were not held upon preliminary examination before a magistrate. The prosecution originated before the grand jury. It appears from the record that certain of the grand jurors, when called for the purpose of being impaneled, were excused by the court, and that others did not appear. Thereupon the court verbally directed the sheriff to fill up the panel to the requisite number, which he did by calling bystanders without having any process, and without serving any process upon them. The defendants moved to quash the indictment because no process or precept was issued to the sheriff commanding him to summon from the body of the county a sufficient number of persons to fill the panel. The motion was overruled. This ruling was correct, as we have determined in the case of *The State v. Miller and Kremling*, *ante*, p. 84, decided at the present term.

*1. CRIMINAL LAW: grand jury: incomplete panel.*

II. A witness upon the trial was permitted to examine the minutes of his testimony taken before the grand jury for the purpose of refreshing his memory. The defendants objected to such examination by the witness because the minutes before the grand jury were not made by the witness, and the objection was overruled. This was correct. We know of no rule which requires that the writing examined by a witness to refresh his memory shall be made by his own hand. A deposition of the witness may be examined by him to refresh his memory, and depositions are usually reduced to writing by some one other than the witness. *Hull & Co. v. Alexander*, 26 Iowa, 569, and see section 436, Vol. 1, Greenleaf on Evidence.

*2. ——: practice: evidence.*

III. A witness testified in his examination in chief, in substance, that defendants kept a billiard hall, and that he (the witness) played billiards therein, and that it was the rule that the man who lost the game should pay twenty-five cents to the defendants, "on the same principle." That he sometimes lost the game, and that he then paid them. Under the rule established in *State v. Book*, 41

*3. ——: gambling: what constitutes.*

Iowa, 450, this was gambling.   The defendants in cross-examination asked the witness whether he played for the price of the use of the table, or for amusement, or something else. Other questions were asked, the object of which was to show that the game of billiards was one of skill rather than a game of chance.   Objections to these interrogatories were sustained. It certainly was not improper for the court to refuse to allow counsel to have the witness repeat his testimony, which was all that seems to be contemplated by asking whether he played for the use of the table or something else.   He had just testified that twenty-five cents a game was paid to defendants for the use of the table.   As to whether the game is one of skill or chance seems to be immaterial.   The statute provides that to " play at any game for any sum of money or other property of any value," is gambling.   Code, § 4028.

IV.   Exceptions were taken to the instruction to the jury defining the reasonable doubt which entitles a defendant 4. ———: in-   charged with a crime to an acquittal.   While the structions:
jury.        instruction is not so elaborate as is usually given, yet we think it was sufficient.   We need not repeat it here. It is also objected that the court did not repeat the rule as to a reasonable doubt in other instructions.   This is not required. The jury were distinctly informed that if after "carefully weighing all the evidence and deliberately considering the whole case," they had a reasonable doubt of the guilt of the defendants, they should return a verdict of not guilty.   This was sufficient.

V.   The court gave the jury an instruction in these words: " Gentlemen of the jury:   You have taken a solemn oath to try this cause according to the law and evidence given you in open court, and you have no authority to consider or be controlled by anything else than given you as law by the court, and unless your verdict accords with the law as given you by the court, you are guilty of willful perjury.   It makes no difference what you think the law ought to be, you have

no authority to consider or be controlled by anything else as law than given you by the court."

Counsel for appellants denounces this instruction as unwarranted, improper and uncalled for by the facts in the case. It is a vigorous statement of the duty of a jury in arriving at a verdict. Ordinarily it is not necessary to remind the jury that a willful violation of their duty is perjury, but we cannot say that to do so is error. We think that sometimes a jury may be properly reminded that their duty requires a verdict in accord with the law as it is, rather than as they think it ought to be. Whether there was proper occasion for it in this instance, we are unable to determine. There may have been good cause for it in the mind of the court, judging from other cases which had been submitted to the same jurors.

Finding no error in the record, the judgment of the District Court must be

AFFIRMED.