LEWIS W. WERNWAG, Respondent, v. CHICAGO &
ALTON RAILWAY COMPANY, Appellant.

20a 473
31a  91
20  473
43  518

Kansas City Court of Appeals, February 8, 1886.

1. EVIDENCE—WITNESS—USE OF MEMORANDUM TO REFRESH MEMORY.
"Where the witness recollects having seen the writing before, and
though he has now no independent recollection of the facts men-
tioned in it, yet he remembers that at the time he said it, he knew
the contents to be correct, in such case the writing itself must be
produced in court, in order that the other party may cross-examine,
not that such writing is thereby made evidence of itself, but that
the other party may have the benefit of the witness refreshing his
memory by every part." But the *production* of the book or writing
may be waived by the other party.

2. ——— PRESUMPTIONS FROM COURSE OF BUSINESS.—Acts done in the
regular course of business, will be presumed, in the absence of any-
thing to the contrary, to have been done correctly ; "men being
usually vigilant in guarding their property, and prompt in asserting
their rights, and orderly in conducting their affairs, and diligent in
claiming and collecting their dues." 1 Greenleaf on Evidence, sec-
tion 38.

APPEAL from Lafayette Circuit Court, HON. JOHN P.
STROTHER, Judge.

*Affirmed.*

The case is stated in the opinion.

WILLIAM WALKER and RICHARD FIELD, for the ap-
pellant.

I. The court erred in admitting as evidence the
deposition of Beebe. It is made up of hearsay evidence.
He admits that of *his own knowledge*, he don't know
how much wheat there was in the car. So, also, as to
the deposition of Roach. The deposition showed that
there was better evidence ; "the best attainable evidence
must be produced." 1 Greenleaf on Evidence, sections
99, 82 ; Redfield's 12th Ed.

II. The court erred in giving the *second* instruction asked for by plaintiff. The law authorizes no such presumption as that set forth in this instruction. The *onus* is upon plaintiff to show the shortage of wheat, as claimed. There is a total failure of proof on the most material point in the case, and a peremptory instruction to find a verdict for the defendant would have been proper.

No brief appears on file for the respondent.

ELLISON, J.—This action is to hold the defendant liable in damages for the loss of one hundred and forty-five bushels of wheat, which plaintiff shipped on defendant's road, and alleges that defendant negligently lost, while in transit from the town of Mayview to the city of Chicago. Plaintiff claims that defendant violated its contract as a common carrier of freight in failing to deliver to plaintiff or his consignee in Chicago, the one hundred and forty-five bushels of wheat, and asks judgment for $123.25.

The verdict was for plaintiff, and defendant appeals.

On the trial, the plaintiff was permitted to read depositions of W. H. Beebe, of the firm of McCormick & Beebe, plaintiff's commission merchants, and E. J. Roach, the receiving weighman at the Chicago & Alton elevator, in Chicago, for the purpose of proving the amount of wheat received at Chicago. Defendant objected to each of these, for the reason that they contained only hearsay testimony, and that the elevator certificate of weight, about which Roach testified, is a copy of a copy, the original being in existence. These objections were overruled, though the certificate was not admitted. The deposition of Beebee stated the number of bushels of wheat received for plaintiff, but on cross-examination he stated that he knew nothing of his own knowledge, but got his information from the elevator.

Roach's deposition contained a statement of the

number of pounds of wheat weighed, as, also, a copy of the certificate of weight, signed by himself, as weighman. On cross-examination, the witness stated he had no recollection of that particular car; that he weighed it in the ordinary course of business, with hundreds of others.

It appearing from the deposition that the certificate was taken from the elevator books, and that the books were made up from a "track ticket," which is the original, the court declined to permit the certificate to be read. There yet remained of the deposition, however, the witness' statement as to the number of pounds of wheat he weighed. As the witness stated, on cross-examination, that he had no recollection as to that particular car, it is fair to presume he was enabled to testify as to the weight, by having refreshed his memory from the book at the elevator, which he, as weighman, kept. It is proper to permit a witness to refresh his memory by reference to, or inspection of a writing.

I. Greenleaf, in volume 1, section 437, says: "Where the witness recollects having seen the writing before, and though he has now no independent recollection of the facts mentioned in it, yet he remembers that at the time he said it, he knew the contents to be correct, in this case, the writing itself must be produced in court, in order that the other party may cross-examine; not that such writing is thereby made evidence of itself, but that the other party may have the benefit of the witness refreshing his memory by every part."

In this case the book was not produced, as is contemplated by the above rule. But it will be observed that the production of the book in such case is not to make the book evidence, but is for the benefit of the opposite party, that he may exercise the right of cross-examination, and may, therefore, be waived by him. It is so decided in *Adœ & Co. v. Zangs* (41 Iowa 536).

The rule as to memoranda, applicable to this case, is illustrated in the case of *Dungan v. Mahoney* (11 Allen

572) ; the court says : " It is obvious that this species of evidence must be admissible in. regard to numbers, dates, sales, and deliveries of goods, payments and receipts of money, accounts, and the like, in respect to which no memory could be expected to be sufficiently retentive, without depending on memoranda, and even memoranda would not bring the transaction to present recollection. In such cases, if the witness, on looking at the writing, is able to testify that he knows the transaction took place, though he has no present memory of it, his testimony is admissible."

II. I am of the opinion that the witness brings himself within the rule above quoted from Greenleaf. He says : " I weighed it (the car) in the ordinary course of business, with hundreds of others." . Again he says : " The first memorandum of the weight is made on the track ticket, and in the regular course of business I make the entry from the track ticket on the book," etc. This witness was the regular weighman for the elevator company, engaged in a public business, and from the fact of the weighing and entry of the weight being done by him in the regular course of business, I think it would be presumed, in the absence of anything to the contrary, that it was correctly done. Under the head of presumptive evidence, Greenleaf, in volume 1, section 38, says : " Other presumptions of this class are founded upon the experience of human *conduct in the course of trade ;* men usually being vigilant in guarding their property, and prompt in asserting their rights, and orderly in conducting their affairs, and diligent in claiming and collecting their dues."

From the entire deposition it is clear the witness does not remember the circumstance of weighing or the weight, independent of the book in which he entered the weight. He states at the giving of his evidence that he does not remember this particular car. The certificate he has before him is a copy of, and is taken from, the book. He, therefore, does not remember it, independently, after examining the book. Yet, notwithstanding

this, he swears in unqualified terms to the weight of the car. It follows that, recognizing his entry, and knowing that he did it correctly, in the regular course of business, he is enabled to swear to it. The cross-examination of the witness was not made in view of the rules to which we have adverted, but has been confined to showing the certificate was itself not admissible.

It is possible an examination of the witness with a view to the rule here laid down, would have disclosed that he was not competent. This has not been made to appear; the contrary is fairly inferable from the deposition. It may well be assumed that not remembering the transaction itself, he is yet enabled to swear to it, after inspecting the book.

The order of proof was in the discretion of the court, and Beebe's testimony being followed by Roach's, became competent. He states the weight as received from the elevator weigher, and states that to be the true weight.

As the case presents itself in the record, we cannot say the court erred in admitting the evidence, and the judgment will, therefore, be affirmed. Philips, P. J., concurs in the result; Hall, J., dissents.