CHARLES A. STAVINOW, Respondent, v. THE HOME
INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, February 2, 1891.

1. **Insurance**: PLEADING: WAIVER: EVIDENCE. The petition declares simply on an insurance policy without any reference to other insurance. The answer in addition to a general denial set up other insurance and its concealment from defendant. The reply was a general denial. *Held* that the provisions of the policy against further insurance and against waiver, unless indorsed on the policy, could be waived by defendant's agent, and evidence of such waiver was admissible under the pleadings, and there was sufficient evidence on the question of waiver in this case to go to the jury.

2. **Evidence**: WITHDRAWAL OF INADMISSIBLE: REVERSAL. Where incompetent evidence is withdrawn from the jury by proper instruction its admission will not justify a reversal.

3. **Insurance**: EVIDENCE: OFFER OF SETTLEMENT: WAIVER. An offer of settlement is competent evidence on the question of waiver.

4. **Trial Practice**: INSTRUCTION REFERRING TO OTHER INSTRUCTION. An instruction relating to waiver is not erroneous, because it refers to other instructions, when no other instruction expressly defines waiver, yet such instructions embodied what amounted to a waiver, and would be understood as what was referred to.

5. **Evidence**: WITNESS USING MEMORANDUM. It was not error to permit the plaintiff, when testifying to numerous articles lost, to use a memorandum taken three days after the fire, but before anything was disturbed.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Fyke & Hamilton*, for appellant.

(1) The evidence of plaintiff as to conversation with defendant's agent at time policy was applied for

was not admissible to show waiver of the condition in the policy requiring consent to other insurance to be indorsed on the policy. No such issue was raised by plaintiff's reply. *Mueller v. Ins. Co.*, 45 Mo. 84; *Gartside v. Ins. Co.*, 8 Mo. App. 593; *Judy v. Duncan*, 21 Mo. App. 548; *Bank v. Hatch*, 78 Mo. 13; *Nichols v. Larkin*, 79 Mo. 264–272; *Lanitz v. King*, 93 Mo. 513–518; *Ins. Co. v. Herdeck*, 46 N. W. Rep. 481. The evidence of conversation with the errand boy at the time policy was issued was inadmissible for the same reason, and for the further reason that notice to the boy was not notice to defendant. *McClure v. Ins. Co.*, 4 Mo. App. 148; *Heath v. Ins. Co.*, 58 N. H. 414; *Ins. Co. v. Spears*, 8 S. W. Rep. 453. ( 2 ) The court erred in permitting plaintiff to testify from a list made by him three or four days after the fire as to articles destroyed and damaged, and the amount of damage, and to state "how much the total loss was according to those figures." *Wernway v. Railroad*, 20 Mo. App. 473; *Milling Co. v. Walsh*, 31 Mo. App. 567. ( 3 ) The evidence of plaintiff to the effect that after the fire defendant's adjuster offered to pay him $150 was improperly admitted. Evidence of offers of compromise is inadmissible. *Railroad v. Farrell*, 76 Mo. 183–190. ( 4 ) Defendant's instruction, numbered 1, should have been given because: *First*. There was no dispute as to the fact that consent to other insurance was not indorsed on the policy. There was no plea of waiver of this condition; hence all evidence upon the question of waiver was irrelevant, and should be considered out of the case. A violation of that condition, unless waived, is a bar to a recovery. *Second*. The mere statement of plaintiff at the time he applied for the policy, that he did not have as much insurance as he wanted, and that he wanted to carry more insurance, was not sufficient notice that he already had insurance in some other company to bind defendant. *Ins. Co. v. Robinson*, 56 Pa. St. 256. ( 5 ) Defendant's instruction,

numbered 2, should have been given. *Bank v. Murdock*, 62 Mo. 70; *Bank v. Armstrong*, 62 Mo. 59; *Glass v. Gelvin*, 80 Mo. 297. The policy provides that anything less than a distinct and specific agreement clearly expressed and indorsed on this policy shall not be construed as a waiver of any printed or written condition or restriction therein. *Day v. Ins. Co.*, 88 Mo. 325–331; *Okey v. Ins. Co.*, 29 Mo. App. 105–111; *VanAllen v. Ins. Co.*, 4 Harr. 413; *Ins. Co. v. Ins. Co.*, 36 Md. 102; *Rokes v. Ins. Co.*, 51 Md. 512; *Whited v. Ins. Co.*, 76 N. Y. 418. (6) Plaintiff's instruction is erroneous. *First.* It submits to the jury the question of waiver, an issue not made by the pleadings. *Bank v. Murdock, supra; Bank v. Armstrong, supra; Glass v. Gelvin, supra.* *Second.* It does not define what acts or things would constitute a waiver, but leaves it to the jury to determine the question of law as to what facts would constitute a waiver. *Albert v. Besel*, 88 Mo. 150.

*Scarritt & Scarritt*, for respondent.

(1) Evidence of waiver of the condition as to other insurance in defendant's policy was properly admitted under the pleadings. *First.* Waiver may be shown under the allegation of performance. *Car Co. v. Kyle*, 11 Mo. 278; *Russell v. Ins. Co.*, 55 Mo. 585; *Okey v. Ins. Co.*, 29 Mo. App. 110; *Travis v. Ins. Co.*, 32 Mo. App. 207. *Second.* General denial to defendant's answer put the question of waiver directly in issue. The effect of the omission to state material facts in a pleading will be obviated if the pleading of the opposite party puts the matter in issue. *Garth v. Caldwell*, 72 Mo. 629; *Stivers v. Horne*, 62 Mo. 473; *Slack v. Lyons*, 9 Pick. 62; *Bliss on Code Pl.*, sec 437; *Worthley's Adm'r v. Hammond*, 13 Bush. (Ky.) 510. (2) The evidence of the witness Stone was withdrawn from the jury by the sixth instruction given on behalf of the defendant. (3) The list of damaged goods

made by the witness himself while present with the goods, and before they had been disturbed or moved after the fire, was properly used by him to refresh his memory as to what the several articles were; he testified its contents were true. *Wernway v. Railroad*, 20 Mo. App. 473. (4) The court expressly refused to admit evidence of conversations between the parties where the matter of compromise was considered. Statements of the authorized agents of the defendant, to the effect that the company would pay the.amount of the actual damage, and that such damage was so much, were clearly admissible to show waiver of the condition as to other insurance. *Okey v. Ins. Co.*, 29 Mo. App. 110; *Ins. Co. v. Robinson*, 56 Pa. St. 256. Demand of notice and proof of loss after knowledge of condition broken raises the presumption that the insurer has waived defense on that ground. *Ins. Co. v. Grunnert*, 112 Ill. 68. (5) The condition in the policy requiring the company's consent in writing to any other insurance may be waived, by conduct, words, acts or silence, as well as writing. *Hamilton v. Ins. Co.*, 94 Mo. 353; *Carriage v. Ins. Co.*, 40 Ga. 135; 2 Am. Rep. 567; *Russell v. Ins. Co.*, 55 Mo. 585; *Haywood v. Ins. Co.*, 52 Mo. 181; *Hutchins v. Ins. Co.*, 21 Mo. 97; *Horwitz v. Ins. Co.*, 40 Mo. 577; 2 Wood on Fire Ins., sec. 383; May on Ins., sec. 370; *Roberts v. Ins. Co.*, 41 Wis. 321; *Ins. Co. v. Earl*, 33 Mich. 143. (6) Plaintiff's instruction was right. The defendant's instructions set before the jury what facts constituted a waiver, and these were referred to in plaintiff's instruction. Waiver was the only material question in the case, and the instructions, taken together, present this issue clearly and correctly to the jury.

ELLISON, J.—This action is on an insurance policy. Defendant lost in the trial court, and appeals. The policy provides that any additional insurance shall be indorsed in writing on the policy, otherwise the policy

would be void. Plaintiff admits other insurance, and relies upon a waiver of the condition of the policy. Defendant contends that the pleadings are not such as to admit evidence of waiver. The petition makes no reference to other insurance. The answer contains the following allegation : "Defendant avers that at the time said policy was executed and delivered to plaintiff, the said plaintiff then had insurance on said property to the amount of $500 in the Girard Fire Insurance Company, which fact plaintiff concealed from defendant, and consent of defendant therefor was never at any time given or written on the policy herein sued on, by reason whereof defendant says plaintiff is not entitled to recover. Further answering, defendant denies each and every allegation, matter, fact and thing in said petition contained not hereinbefore expressly admitted." To this answer plaintiff filed a general denial. It will be noticed that the answer set up as new matter, not alone, the other insurance, but that plaintiff had the other insurance without defendant's consent, and never gave him notice, and concealed the fact from defendant. This tendered an issue of these allegations which plaintiff accepted by his general denial; thus putting the matter at issue for trial. *Stivers v. Horne*, 62 Mo. 473 ; *Garth v. Caldwell*, 72 Mo. 629.

The provisions of the policy against further insurance and against a waiver unless each be indorsed on the policy, can be waived by defendant's agent. *Bernard v. Ins. Co.*, 38 Mo. App. 106. And the evidence in this case of waiver was sufficient to justify its being submitted to the jury. In this connection objection is made to a conversation going to show a waiver, which occurred between the plaintiff and the defendant's errand boy, who delivered the policy. This conversation clearly should not have been admitted and would have justified a reversal, but for the fact that the court excluded the testimony by an instruction asked by defendant.

An offer of settlement was likewise received in evidence against defendant's objection that it was an offer of compromise ; but it was distinctly admitted only on the question of waiver, and as such it was competent.

The criticism of plaintiff's instruction, in stating that, unless defendant did not waive such violation as stated in "other instructions," is founded on the assertion that no other instructions defined or referred to a waiver. It is true a waiver is not expressly defined or mentioned in other instructions, yet defendant's instructions embody that which amounts to a waiver and would unquestionably be understood as embodying what is referred to in the instruction of which complaint is made.

Plaintiff, in giving in his testimony as to the articles damaged or lost by the fire, used a memorandum or list, which he took three days after the fire, but before anything had been disturbed or removed. The list contained a large number of articles. We think he was rightly permitted to use such list as a memorandum from which to refresh his memory. *Wernwag v. Railroad*, 20 Mo. App. 473 ; *Dungan v. Mahoney*, 11 Allen, 572.

We have considered the other objections made by defendant, but regard them as insufficient to justify a reversal, and affirm the judgment. All concur.