W. L. FOWLES, Appellant, v. D. P. BEBEE, Respondent.

<span style="float:right">59  401<br>100 ¹ 33</span>

Kansas City Court of Appeals, November 19, 1894.

1. **Appellate Practice**: ILLEGAL EVIDENCE: NOT REVERSIBLE ERROR. Appellate courts will not reverse a civil case merely because illegal evidence has been permitted to go to the jury, if it is afterwards withdrawn from their consideration by instruction.

2. **Alteration of Instrument**: INSTRUCTION. Where a note is on a printed form and there has been a change of the printed form, the question is whether this change was done before delivery, and instructions submitting that question are proper.

*Appeal from the Chariton Circuit Court.*—HON. C. HAMMOND, Special Judge.

AFFIRMED.

*George Robertson* for appellant.

(1) The defenses, as set up in the answer, were, *first*, alteration, and, *second*, want of consideration with want of good faith in the purchase of the note by the plaintiff. The fact is, the real defense was want of consideration, but there was no evidence that the plaintiff was not a purchaser in good faith; hence all

the evidence introduced, which was the bulk of all the evidence on the part of defendant, as to want of consideration was inadmissible. The chief purpose of which evidence was to prejudice the jury against the plaintiff. The rule in this state is that the error of improper evidence may be cured by withdrawing the same by instruction, only when such evidence was not prejudicial. If it was prejudicial, then harm was done by it and the instruction will not cure it. *Stephens v. Railroad*, 96 Mo. 207. The true rule is that the error is not cured by withdrawing the improper evidence. Thompson on Trials, sec. 723; *Turst v. Railroad Co.*, 72 N. Y. 542. The rule was never otherwise in a criminal case in this state and there is no reason that it should be otherwise in any case. *State v. Thomas*, 99 Mo. 257. (2) The note had no legal inception until the conditions for which it was put into Judge Brownlee's hands were fulfilled, and could not have been altered before this. Edwards on Bills and Notes, sec. 232, 243; *Massmann v. Holscher*, 49 Mo. 87. This instruction makes a play on the word delivery, and misled the jury, while the manual delivery of the note may have taken place in Dick's restaurant. The real delivery did not take place until after it had been placed in Brownlee's hands. This instruction misstates the law, is misleading, is in conflict with plaintiff's instructions, and ignores the fact that the note was placed in escrow.

*A. W. Mullins* and *Harry K. West* for respondent.

(1) "The trial court may exclude improper evidence during the progress of the trial, or by instruction at the close of the evidence, and where this is done the fact that such evidence was heard by the jury will not operate as a reversal." *Stephens v. Railroad*,

96 Mo. 207–215; *Sparr v. Wellman*, 11 Mo. 231; *Knox v. Hunt et al.*, 18 Mo. 174; *Holmes v. Moffat*, 120 N. Y. 159; *Stavinow v. Ins. Co.*, 43 Mo. App. 513–517. (2) Defendant's second instruction is the law. *Jones v. Shaw*, 67 Mo. 676; *Hinshaw v. Witton*, 59 Mo. 139; *Massmann v. Holscher*, 49 Mo. 87.

GILL, J.—Plaintiff sued the defendant on a note for $1,000, purporting to have been made by defendant to Potter, Chase & Company, in January 1888, plaintiff being indorsee for value before maturity. The answer contained two defenses: *first*, an unauthorized alteration of the note after delivery, by the erasure of the word "order" and inserting "bearer," so that the note was made payable to *bearer* instead of to Potter, Chase & Company, or *order*; and, *second*, want of consideration with notice thereof to the plaintiff. During the course of the trial before a jury the court, over the objection of the plaintiff, permitted defendant to introduce evidence attacking the consideration—the objection being that defendant ought first to prove notice thereof to plaintiff. At the close of the evidence, however, since there was no evidence tending to prove any knowledge on part of plaintiff of want of consideration, the court peremptorily instructed the jury to wholly disregard all evidence as to that defense, and by instructions limited the case to the one question of unauthorized alteration. On this one issue, then, the case was submitted to the jury, resulting in a verdict and judgment for defendant and plaintiff appealed.

I. The first point made in defendant's brief is, that the court erroneously admitted evidence as to the want of consideration in the note; and that this was not cured by subsequently instructing the jury to disregard it. This contention is without merit. It has been uniformly ruled in this state, that the appellate

courts will not reverse a civil case merely because illegal evidence has been permitted to go to the jury, if it is afterwards withdrawn from their consideration by instruction. *Knox v. Hunt,* 18 Mo. 174; *Slavinow v. Ins. Co.,* 43 Mo. App. 513; *Stephens v. Railroad,* 96 Mo. 207. And in fact, the evidence here complained of did not appear illegal and incompetent at the time it was introduced; it was made so by the subsequent failure of the defendant to prove that the plaintiff had notice of the want of consideration in the note. The rule contended for by plaintiff's counsel seems to have been adopted occasionally in criminal trials, but has no place in civil cases. *Knox v. Hunt, supra.*

II. As to the instructions, there is no reasonable ground on either side to complain. There was but one issue of fact to be submitted to the jury, viz; was the alteration in the form of the note—from "pay to Potter, Chase & Company, or *order*" (which was the printed form) to "pay to Potter, Chase & Company, or *bearer*"— made before or after its delivery. There *had been a change* of the printed form; the question was whether this was done before delivery. If so, then the plaintiff was entitled to recover, otherwise not, and the jury was so instructed. There was some evidence tending to prove that defendant executed the note and put it into the hands of Brownlee with instructions first to satisfy himself as to the character or financial standing of the payees, Potter, Chase & Company, and then deliver the note to them, and there was evidence to the contrary. The jury were told that if they found this to be true, and that the change in the note was made before Brownlee delivered the same to said Potter, Chase & Company, then their verdict should be for the plaintiff.

Every phase of the case was covered by instructions entirely fair to the plaintiff. The whole matter is this, the jury credited the evidence for the defendant and

discredited that for the plaintiff; and if wrong has been done, we are powerless to give a remedy. The judgment must be affirmed. All concur.

