### LIZZIE REED v. THE STATE.

#### No. 4788.    Decided January 30, 1918.

**1.—Local Option—Evidence—Supporting Testimony—Drunkenness.**

Where, upon trial of a violation of the local option law, there was no testimony in the case that the witness was drunk or drinking when he bought the liquor, which he swore he bought from the defendant, testimony that said witness made substantially the same statements at the time he swore to the complaint was reversible error. Following Payton v. State, 60 Texas Crim. Rep., 475, and other cases.

**2.—Same—Rebuttal Testimony—Other Transactions.**

Where defendant denied selling the liquor, the State had the right to show in rebuttal other sales. The particulars of such other sales, however, would be inadmissible.

Appeal from the County Court of Lamar. Tried below before the Hon. Tom L. Beauchamp.

Appeal from a conviction of a violation of the local option law; penalty, a fine of one hundred dollars and sixty days confinement in the county jail.

The opinion states the case.

*B. B. Sturgeon,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—This is an appeal from a misdemeanor conviction for unlawfully selling intoxicating liquor in prohibition territory.

The State's witness swore positively he bought such liquor from appellant as alleged in the information. She swore she did not make the sale. He swore he bought the liquor about noon, and thereafter, during the evening, drank considerable of it. The officers caught him with some of the whisky about 10 o'clock that night at which time he signed and swore to the complaint herein. As a part of the State's main case the court permitted him and the county attorney and deputy sheriff, over appellant's objections, to testify in substance that at the time he swore to said complaint he made substantially to them the same statements of his purchasing the liquor from appellant that he testified to on the stand. This was hearsay, and inadmissible to prove the State's case, and presents error which results in a reversal of the judgment.

Any witness may be impeached by showing that he was drunk at the time of the events concerning which he testified about. Payton v. State, 60 Texas Crim. Rep., 475; Green v. State, 53 Texas Crim. Rep., 490; 40 Cyc., 2574; 2 Wharton's Crim. Ev., 785. If a witness is impeached in this way then he can be supported just as any impeached witness can be. However, there was no testimony in this case that appellant was drunk or drinking when he bought the liquor which he swore he bought from appellant.

As appellant herself swore that she never sold liquor to appellant at any time, the State had the right to have the complaining witness in rebuttal swear that he did buy intoxicating liquor from her at other times. The particulars of these sales, if any, would be inadmissible.

For the error above pointed out, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*