# STATE OF NORTH DAKOTA, Respondent, v. HOBART ROSENCRANZ, Appellant.

### (168 N. W. 650.)

**Assault and battery — with dangerous weapon — intent to do bodily harm — prosecution for — conviction of defendant — petit jury — special panel — regularly summoned by judge — regular panel having been discharged — proceedings proper.**

1. In a criminal prosecution in which the defendant was found guilty of the crime of assault and battery with a dangerous weapon with intent to do bodily harm, it is *held* that no error was committed in bringing the action to trial before a special panel of petit jurors regularly summoned by the judge of the district court, in accordance with § 815, Compiled Laws of 1913, the regular panel having been discharged at the conclusion of the regular session of the term.

**Condition and appearance of place of assault — day after assault — competent to show.**

2. Evidence as to the condition of a wheat field, near the highway upon which an assault was committed, on the day after the assault is *held* properly admissible, it appearing that the defendant and his accomplices emerged from the wheat field prior to making the assault.

**Crime — commission of — persons concerned in — aiding and abetting — accomplices — principals.**

3. Under § 9218, Compiled Laws of 1913, which provides that "all persons concerned in the commission of a crime, whether it is a felony or a misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, . . . are principals in any crime so committed," a verdict finding the defendant guilty of an assault with a dangerous weapon is *held* to be proper where it appears that he aided and abetted his accomplices who used the dangerous weapon.

Opinion filed June 21, 1918.

Appeal from Ramsey County District Court, *C. W. Buttz,* J.
Affirmed.

*D. J. O'Connell,* for appellant.

It has been held, under statutory provisions similar to those of this state, that when the jurors selected from the regular panel are absent considering their verdict in another case, the court may summon or order a second jury on a special venire; but otherwise the right to summon a second jury is denied.

A defendant is entitled to a trial by jurors of the regular panel. Bates v. State, 19 Tex. 122; Dean v. State, 100 Ala. 102, 14 So. 762.

A person charged with the commission of a crime cannot be held where the only evidence offered shows that he was merely in the crowd, and that someone else without his knowledge or participation used a weapon, and a crime was committed. Comp. Laws 1913, § 9218; Bibby v. State (Tex. Crim. Rep.) 65 S. W. 193; Brown v. State, 28 Ga. 199.

Where the defendant had no knowledge of the presence of a dangerous weapon, and took no part in the act and did nothing to produce the result that followed, unless the act was done pursuant to a conspiracy previously formed, he should not be held responsible. Wool-

weaver v. State, 50 Ohio St. 277, 40 Am. St. Rep. 667, 34 N. E. 352; R. v. Caton, 12 Cox, C. C. 624; State v. May, 142 Mo. 135, 43 S. W. 637.

The established rule is that where for instance two men combine to fight a third with fists, and death accidentally results from a blow inflicted by one, the other also is responsible for the homicide. But, if one resort to a deadly weapon without the knowledge or consent of the other, he only is liable. State v. Howard, 112 N. C. 859, 17 S. E. 166; Cecil v. State, 44 Tex. Crim. Rep. 450, 72 S. W. 197; Williams v. State, 81 Ala. 1, 60 Am. Rep. 133, 1 So. 179; State v. Darling, 216 Mo. 450, 115 S. W. 1002.

The proof must show beyond a reasonable doubt that defendant had knowledge of the use of the weapon by his codefendant, and by some act of defendant he aided and abetted in the commission of the crime. Bibby v. State, supra.

*J. H. Ulsrud,* State's Attorney, and *F. T. Cuthbert,* for respondent.

It is not error to bring to trial a criminal action before a special panel of jurors regularly summoned by the judge of the district court, the regular panel having finished its work and having been discharged. Objection to such procedure is purely technical and without merit. Nothing is disclosed to show that defendant did not have a fair trial. Comp. Laws 1913, § 11,013; State v. Travy, 34 N. D. 498.

Clearly the district court has the power to so order. Comp. Laws 1913, §§ 815, 829; Greene v. State, 53 Tex. Crim. Rep. 490, 22 L.R.A.(N.S.) 706, 110 S. W. 920; Queenan v. Oila, 11 Okla. 261, 61 L.R.A. 324; Johnson v. State, 59 N. J. L. 535, 38 L.R.A. 373; Pitsnogle v. Western Maryland R. Co. 119 Md. 673, 46 L.R.A.(N.S.) 324, 87 Atl. 917.

The provisions of the statute relating to the summoning of jurors is directory, and not mandatory, and prejudice must be shown for any irregularity. 16 R. C. L. §§ 48, 49; Levy v. Wilson (Cal.) 10 Pac. 272; State v. Mayo, 42 Wash. 540, 7 Ann. Cas. 881; Elias v. Territory, 1 Ariz. 1153; Dean v. State, 100 Ala. 102.

"Where several persons are acting together with a common intent and design to commit a crime, and each performs some part of the crime, they are all guilty as principals, although all are not actually present when the offense is finally consummated. They are present

in the eye of the law at the place of the crime, where each and all in their own station co-operate to a common end." Spies v. People, 122 Ill. 1, 3 Am. St. Rep. 321; 12 Cyc. 183; Com. v. Knapp, 9 Pick. 496, 20 Am. Dec. 491; Re Jaques, 5 N. Y. City Hall Rec. 77.

BIRDZELL, J. This is an appeal from a judgment of the district court of Ramsey county, entered upon the verdict of a jury which found the defendant guilty "of the crime of assault and battery with a dangerous weapon with intent to do bodily harm without a justifiable or excusable reason."

It appears that the assault of which the defendant was convicted was committed on one Halvor Ekre, under the following circumstances: Ekre lived at Denbigh, North Dakota, and upon the evening of the date of the alleged assault, July 11th, was *en route* to his home in an automobile with his family. As they rode along the highway leading toward their home, their car struck some obstacle and about the same time some shots were heard. Ekre promptly stopped the car, and as he did so the defendant and his son Martin were seen coming from the wheat field on the right-hand side of the road, and another son Rance, from the wheat field on the left side. It appears that the defendant approached the car, seized Ekre about the head, struck him several blows with his fist, and pulled him out of the car. It further appears that Martin Rosencranz struck Ekre over the head with a club or ball bat, rendering him unconscious.

The first assignment of error argued by the appellant is that the court erred in denying the defendant's challenge to the panel of jurors. It appears that the regular jury panel which had been called for the term had been discharged by the court and an entire new panel ordered. It seems that prior to the convening of the regular November term of the court a petit jury had been regularly called, and that the court remained in session for a period of about three weeks, trying cases with the aid of the jury so impaneled. Sufficient reasons existed for the nonattendance of six of the panel, and six more were excused from service by the court. After the somewhat protracted session of the November term, it became necessary to adjourn the term to a date in January. Upon adjournment, the trial court discharged the jury and issued an order for a new panel. Section 815 of the

Compiled Laws of 1913 provides that "no jury shall·be summoned except by order of the judge of the district court, who shall issue an order to the clerk of such court requiring a jury to be summoned, and in such order shall specify the number of petit jurors to be summoned and the time and place where they shall appear. Such order may be issued at any time within thirty days prior to the first day of the term of the district court at which the jury is to attend *or at any time during the term.*" It is plain that sufficient reasons existed in this case to warrant the court in discharging the panel called for the regular session of court, and it is not even contended that there was any irregularity in the calling of the panel for the adjourned session of the term. See Green v. State, 53 Tex. Crim. Rep. 490, 22 L.R.A.(N.S.) 706, 110 S. W. 920; State v. Mayo, 42 Wash. 540, 85 Pac. 251, 7 Ann. Cas. 881. It is not even argued that the rights of the defendant were in any way prejudiced by the trial before the jury which rendered the verdict. Nor does it appear that his substantial rights have been invaded. If it be assumed that the defendant should have been tried before the regular jury impaneled for the regular term, it would not follow as of course that the conviction should be reversed. Comp. Laws 1913, § 11,013. Prejudice could not be presumed from the mere fact that the trial was before a jury not drawn from the original panel.

It is next argued that error was committed in permitting a witness for the state to answer the following question: "Did you find any evidence there in the wheat field of where men had been hiding,—any marks of any kind?" This question was asked of a witness who saw the wheat field the day following the alleged assault. The question asked though somewhat leading, was not improper. It was clearly permissible to place before the jury the condition of the wheat field in so far as it might bear evidence of circumstances connected with the alleged assault. It is true that there would be ample opportunity to create a suspicious condition during the time intervening between the alleged assault and the time when the witness observed the wheat field, but these considerations bear more properly upon the weight to be given to the evidence by the jury and afford proper subjects of argument rather than preclude its admissibility.

It is next urged that the trial court erred in instructing the jury
40 N. D.—7.

upon the question of criminal responsibility of one who aids another in an assault. It is suggested that the evidence does not show that the defendant had a weapon of any kind. Section 9218 of the Compiled Laws of 1913 provides that "all persons concerned in the commission of a crime, whether it is a felony or a misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, . . . are principals in any crime so committed." There was ample evidence before the jury to the effect that the defendant aided and abetted his son who used the dangerous weapon, and there is no question but what the above quoted provision of the statute is applicable to the defendant's offense and makes him guilty as a principal.

The judgment is affirmed.

CHRISTIANSON, J., being disqualified, did not participate, and the Honorable FRANK FISK, Judge of the Eleventh Judicial District, sat in his place.